ROGERS *vs.* THE MICHIGAN SOUTHERN AND NORTHERN INDIANA RAIL ROAD COMPANY and others.

Before a foreign corporation can rightfully be restrained by the supreme court of this state from issuing bonds, or from executing and delivering a mortgage upon its property, to secure the payment of such bonds, it must appear that the execution of such mortgage would be an injury or obstruction to rights of the plaintiff, which could be enforced in that court.

Where a party, having an attachment, judgment and execution against a foreign corporation, cannot reach property proposed to be mortgaged by such corporation, because it is beyond the jurisdiction of the court, as a

court of law, the supreme court will not interfere, by injunction, to prevent the execution of the mortgage; inasmuch as such mortgage, if executed, will not obstruct or prejudice the plaintiff's rights, as an attaching or judgment creditor, in this state.

If the plaintiff's judgment, execution and attachment are not liens on the property proposed to be mortgaged, he has no rights or preference, in respect to such property, over other creditors of the corporation, either as a judgment or an attaching creditor, or upon the ground of the alleged insolvency of the corporation.

And, even if the court had jurisdiction of the property, without such lien, it would be authorized to interfere, by injunction, only in an action by all the creditors, or for the benefit of all the creditors.

An injunction will not be granted to restrain a defendant from transferring, beyond the jurisdiction of this court, bonds, stocks, securities, and other equitable assets, where the plaintiff has a full and complete remedy at law, under a judgment, execution and attachment.

MOTION for an injunction.

*John E. Burrill,* for the plaintiff.

*C. Tracy,* for the defendants.

SUTHERLAND, J.   The motion for an injunction in this case is denied, upon the following grounds :

*First.* As to the injunction specifically asked for in the complaint, restraining the company from issuing their second general mortgage bonds, and from executing and delivering any mortgage upon the property of said company, to secure the payment of such bonds, under or in pursuance of their printed proposal, a copy of which is annexed to said complaint.   It appears that the mortgage intended by said proposal is upon the rail road property and franchises of the said corporation in the four states of Ohio, Michigan, Indiana and Illinois, and upon no other property whatsoever.   It is unnecessary, therefore, in this case, to examine or pass upon the intent or effect of the execution of such mortgage as to the plaintiff or other creditors here.   Before the defendants can rightfully be restrained by this court from issuing the bonds

or executing the mortgage, it must appear that the execution of such mortgage would be an injury or obstruction to rights of the plaintiff, as a creditor, which could be enforced in this court.

The plaintiff has an attachment, judgment and execution; yet at law he cannot reach the property proposed to be mortgaged, because it is beyond the jurisdiction of the court, as a court of law; how then could the mortgage, however fraudulent, be an obstruction or injury to the rights of the plaintiff, as such judgment and execution creditor, to be prohibited by this court as a court of equity?

As a court of equity, the court can only aid the plaintiff in enforcing his judgment, execution or attachment at law.

The mortgage, if executed, cannot obstruct or prejudice the plaintiff's rights, as an attaching or judgment creditor in this state; and this court cannot therefore interfere by injunction.

Besides, as neither his judgment, execution or attachment is a lien on the property proposed to be mortgaged, the plaintiff has no rights or preference, as to that property, over other creditors of the company, either as a judgment or an attaching creditor; or upon the ground of the alleged insolvency of the company. Had the court jurisdiction of the property, *without such lien,* it would be authorized to interfere by injunction only in an action by all the creditors, or for the benefit of all the creditors.

In actions for the specific performance of agreements, if the court has jurisdiction of the person, the remedy here is complete, although the property to be conveyed is out of the jurisdiction of the court, because the court, having jurisdiction of the person, can compel a conveyance; and such conveyance, although executed in this state, may have the same force and effect as if executed in the state where the property is.

And, by means of a *ne exeat,* the court having jurisdiction of the person of a foreign debtor, might compel him to apply money, and perhaps other property, out of the jurisdiction of

the court, to the payment of a debt due to a citizen of this state. But the plaintiff does not ask for the specific performance of a contract nor for a ne exeat ; and a ne exeat could not very well issue against a corporation, in any case.

*Second.* As to the injunction not specifically asked for in the complaint, but which is claimed under the prayer for other relief, restraining the defendants from transferring beyond the jurisdiction of this court certain bonds, stocks, securities, and other equitable assets, which are alleged to have been pledged by the defendants, and to have been redeemed, or about to be redeemed, för the purpose of so transferring them out of the jurisdiction of the court.

The plaintiff has full and complete remedy at law, under his judgment, execution, and the attachments which have been issued and which may be issued.

An attachment will stop their transfer as effectually as an injunction. As to the bonds, stocks, notes, and other equitable assets of the company, alleged to be covered up by the trust conveyance to the directors, Vermilye, Wells and Ransom, if Blake, the assignor of the plaintiff, under his attachments, acquired such an individual lien or preference as to authorize him, before the return of his execution, to commence an action, which it appears is still pending, to set aside such trust conveyance as a fraudulent obstruction to his attachments, then the plaintiff must go back to that suit, and add his allegations in this action as supplementary, and ask for an injunction, as an incident of his equitable right to remove such obstruction. By the complaint in this action, the plaintiff asks for no specific relief other than an injunction.

The complaint asks for no discovery of the fraud ; nor does it seek to set aside the trust conveyance to Vermilye, Wells and Ransom ; nor does it allege a return of the execution which had been issued on the judgment. It is neither a judgment creditor's bill, nor a bill to remove a fraudulent obstruction to the attachments or execution. I cannot find the equitable ground upon which the plaintiff asks merely for

an injunction, or on which he can have an injunction without any other relief.

*Third.* Whatever equity there is in the complaint, arising from its allegations of insolvency or fraud, appears to be fully denied by the defendants.

Motion denied.

[NEW YORK SPECIAL TERM, February 20, 1858. *Sutherland,* Justice.]