PRINCE v. McCOY ET AL.

1. **Street**: DEDICATION: AUTHORITY TO CLOSE. That the public does not use a street, dedicated to its purposes, does not authorize the party dedicating it to resume possession of the land.

2. ———: ———: INJUNCTION. If the street cannot be used for the purpose to which it is dedicated, one who is not injured by its inclosure cannot restrain the same by injunction.

3. ———: ———. One who suffers no special injury, distinct from that sustained by the public generally, is not entitled to ask relief for the inclosing of a public street.

4. ———: ———. If the vendibility or value of property is impaired by the inclosure of a street, the owner is entitled to relief by injunction restraining the inclosure.

*Appeal from Henry District Court.*

SATURDAY, JUNE 12.

ACTION in chancery. The plaintiff alleges in his petition that he brings the action for himself and many other citizens, having a common and general interest with him in the subject of the suit; that he is the owner of certain lots in an addition to the city of Mount Pleasant, which was laid off by defendant McCoy, and certain streets therein were dedicated to the public use; that the city council, by resolution, authorized McCoy and other defendants to enclose and fence up the streets in a part of said addition, so that they may enjoy the sole use of the same to the exclusion of plaintiff and the public generally; that unless defendants are restrained from fencing the streets named in said resolution, it will be done by them, to the great injury of plaintiff and those for whom he sues, and that the value and vendibility of their lots in said addition will be impaired thereby. It is charged that the action of the city council in authorizing defendants to inclose the streets is without authority of law, and the resolution to that effect is void. The relief asked is that defendants be restrained from obstructing or inclosing the streets referred to.

The defendants, in answer to the petition, allege that plain-

tiff has no authority to prosecute the suit in behalf of any citizen other than himself; that the dedication of the streets was on condition that the city should use, occupy and work the same; that the city has failed to occupy or work the streets; that without improvements they are not susceptible of use as streets, and cannot be without large expenditures by the city; that they are now, and have been, utterly valueless as streets; that the dedication was in 1857, and the streets have been unoccupied and unused ever since; that the inclosure authorized by the city, which defendants propose to make, is to be temporary; and to continue no longer than until the streets may be required for public purposes; that plaintiff has no other or further right in the streets than any other citizen, and that he will be in no manner damaged or injured in the free use of his own property by the inclosure of the streets.

A demurrer to the answer was sustained. Defendants appeal.

*H. & R. Ambler*, for appellants.

*Jno. S. Woolson*, for appellee.

BECK, J.—I. The mere non-use of the streets by the public and the authority given by the city to inclose them, as alleged in the answer of defendants, do not constitute a sufficient defense to plaintiff's petition. The streets being dedicated to public use, the city cannot authorize them to be inclosed; this can only be done lawfully after they are vacated in the manner prescribed by law. And the fact that, after the dedication is made in the manner prescribed by law, the people do not use the streets, does not, of itself, authorize the party making such dedication to resume possession of the land. If the non-use be so complete and for such length of time as to authorize the presumption of a permanent abandonment of the easement, the rule stated might not apply in such a case. But the answer does not bring the case within this exception.

1. STREETS: authority to close.

The answer, however, alleges that the streets are not susceptible of use as such in their present condition, and heretofore

have not been used, and that plaintiff will in no manner be injured in the free use and enjoyment of his property by their inclosure; all damage and injury resulting therefrom is also denied.   This, we think, is a sufficient answer to the claim for relief in the petition.   If the streets are not, have not been, nor can be used for the purpose of their dedication, it is impossible to see in what respect plaintiff can be injured.   He will be deprived of the exercise of no right by the inclosure, for, if he had a right now to use the streets, he cannot because it is impossible on account of their condition.   The right which he possesses to use the streets is abstract, ideal; it cannot be impaired by defendants, because it has no such existence that it may be enjoyed by plaintiff.   Defendants, then, by the act of inclosing the streets, do not deprive plaintiff of the use of them; their condition is not thereby changed, nor do they sustain loss or damage to any extent.   In a word, plaintiff seeks to restrain defendants from doing that which will not injure him nor deprive him of the use of anything that is capable of being used.   It cannot be claimed that it is necessary to restrain defendant from inclosing the streets in order to preserve the right to use them at a future time when they may be capable of use by the public.   Defendants propose to keep them inclosed only to such time as they may be put in a condition for use.   No length of use under such claim or under the authority to use them, temporarily granted by the city, would defeat the right of the public to the streets when they can be used.   Certainly the fact that the inclosure intended by defendants will be a benefit to them, is no reason alone to forbid it.

2. ___: ___: injunction.

Plaintiff then stands in the position of asking the court of equity to restrain defendants from doing an act which to him, or to the public, is no injury.   He would gain nothing by the decree asked for, and would lose nothing and be deprived of no rights if the relief be refused him.   A court of justice cannot be asked to do so vain a thing.

If we regard the proposed inclosure of the streets as in conflict with the abstract right of the plaintiff and the public,

yet equity, recognizing that no loss, no damage to plaintiff can be sustained by the act, will refuse the relief. The act cannot be called a nuisance, for it works an injury to no one. It cannot indeed be considered an obstruction to a public highway, for the highway has only an ideal existence. In short, it is an act that injures no one, and no mischief, public or private, is wrought thereby.

In such a case chancery will not interfere. *Head v. James,* 13 Wis., 641; *Owen v. Field,* 12 Allen, 457; *Clark et al. v. Willett,* 35 Cal., 534; *Corporation of N. Y. v. Mapes et al.,* 6 Johns. Ch. 46; *Rogers v. Mich. S. & Northern Ind. R. Co.,* 28 Barb., 539; *Lancy v. Joshu,* 39 Ill., 46.

II.   If the plaintiff will suffer no injury except in common with the public, he is not entitled to the relief claimed. *Comeng v. Lowerse,* 6 Johns., 439; *McCowan v. Whitesides,* 31 Ind., 235; *Davis v. Mayor,* 4 Kern., 506; *Dawson v. St. Paul,* 15 Min., 136.

The answer expressly alleges that plaintiff has no further right or interest in the streets in question than any other citizen, and that he will suffer no special injury distinct from that sustained by the public generally. These allegations strike at his right to the relief sought in this action.

III.   The petition alleges that the vendibility and value of plaintiff's property will be impaired by the inclosure of the streets. Such effect would work injury to him, and constitute foundation for the relief claimed in the petition. But it is denied in the answer, and an issue thereon is thus raised in the pleadings. This, as well as all other issues involving the injury sustained by plaintiff, ought to be determined upon a trial.

We are of the opinion that the answer presents valid defenses to the action as above indicated, and that the demurrer therefore should have been overruled.

REVERSED.