[No. 6125.]

## THE BANK OF CALIFORNIA *v.* THE FRESNO CANAL AND IRRIGATION COMPANY.

INJUNCTION—INSUFFICIENT COMPLAINT.—A complaint which states that the defendant has agreed to furnish the plaintiff with a certain quantity of water for irrigation, and is about to enter into other contracts for the delivery of water to other persons, whereby the defendant will have contracted for the delivery of more water, in the aggregate, than the capacity of his ditch will enable it to supply, does not state facts which entitle the plaintiff to an injunction, for the reason that it does not show that the plaintiff has been or will be injured.

APPEAL from the District Court of the Thirteenth Judicial District, Fresno County.

The plaintiff owned thirteen thousand four hundred acres of land in Kern County, where the defendant owned a water-ditch, and was engaged in supplying water to farmers for irrigating purposes. The plaintiff's lands, without water for irrigation, would not produce crops, and could be supplied only by the defendant. A contract was entered into between the plaintiff and the defendant, whereby the latter agreed to furnish the former with eighty-five and one-half cubic feet of water per second, for the purpose of irrigating the lands of plaintiff. The complaint sets out these facts, and alleges further that the defendant is about to enter into other contracts for the delivery of water to other persons, whereby it will have contracted for the delivery of more water, in the aggregate, than the capacity of its ditch will enable it to supply; that this will cause extensive litigation between the plaintiff and defendant, and the purchasers of water-rights under the contracts with defendant; that the defendant is indigent and pecuniarily irresponsible: wherefore the plaintiff asks for an injunction to restrain defendant from selling any more water-rights. A preliminary injunction was granted, but subsequently, upon the filing of a verified answer and affidavits, in which all the equities of the complaint were denied. the injunction was dissolved, and the plaintiff appealed.

*S. M. Wilson,* for Appellant.

The plaintiff's right to the water is annexed as an appurtenant to the land, and runs with it by the terms of the contract itself. (*McDonald* v. *Bear R. and A. W. Co.,* 13 Cal. 321.) The water company is about to grant rights to the water to other persons, or in other words, divert it from the uses of the plaintiff. This is one of the ordinary and usual grounds of an injunction. (*Tuolumne W. Co.* v. *Chapman,* 8 Cal. 397; Willard's Eq. Juris. 392; Angell on Water-Courses, secs. 388, 444, 445; Adams' Eq. 210, 211; *Gardner* v. *The Trustees of Newburgh,* 2 Johns. Ch. 164, and cases cited; *Kittle* v. *Pfeiffer,* 22 Cal. 491; *Mains* v. *Bicknell,* 10 Ibid. 224.)

*G. A. Nourse* and *B. S. Brooks,* also for Appellant.

*W. H. L. Barnes,* for Respondent.

By the Court:

The appeal is taken from an order dissolving an injunction. The complaint does not state a cause of action. It is not alleged that the defendant has broken the contract under which the plaintiff claims the eighty-five and one-half cubic feet of water, but only that the defendant is about to enter into other contracts for the delivery of water to other persons, whereby the defendant will have contracted for the delivery of more water in the aggregate than the capacity of its ditch will enable it to supply. But even if this be true in point of fact, it does not follow that the plaintiff will be injured thereby, nor can it be intended that the defendant will fail or refuse to deliver to the plaintiff the quantity of water claimed in the complaint. The number of contracts in which the defendant is about to enter, and the quantity of water it is about to engage to deliver, are therefore matters which do not concern the plaintiff, in a legal point of view.

We think that there is nothing in the complaint entitling the plaintiff to an injunction, and that the injunction was correctly dissolved.

It is proper to remark, however, that this disposition of the appeal in no way affects the substantial rights, if any, of the plaintiff, to the water in question, and that the defense set up in the answer, or attempted to be set up, to the effect that the contract between Chapman and the defendant was fraudulent, does not constitute an element of the judgment rendered here. If the defendant should refuse to deliver the water claimed by the plaintiff, and should seek to justify the refusal by setting up that the contract with Chapman was fraudulent in its character, it will then be proper to consider of that defense.

Order affirmed.