Armstrong v. Freeman.

JAMES M. ARMSTRONG, APPELLEE, v. DANIEL FREEMAN AND AGNES S. FREEMAN, APPELLANTS.

1. **Practice in Supreme Court:** REVIEW OF QUESTIONS OF FACT. It is a rule of this court that the findings of inferior tribunals upon questions of fact will not be interfered with unless found to be clearly against the weight of evidence. And this rule applies to all cases, whether they come here by petition in error or on appeal.

2. **Usury.** A. being the owner of an undivided half of certain premises, conveyed his interest to F. for the agreed price of $350, for which F. gave his note secured by mortgage on the land. In anticipation of this trade A. arranged with the plaintiff to sell him the note and security for $275 cash in hand. To save the trouble of transferring the note and security, A. requested F. to make them directly to the plaintiff, which was done. In an action against F. to foreclose the mortgage, *held*, that the transaction was not usurious, the evidence showing it to have been a *bona fide* purchase of security, and not a contrivance by the plaintiff to evade the usury laws.

W. H. Ashby and Daniel Freeman were owners in fee simple of a certain lot in the city of Beatrice, Gage

NOTE.—Cases involving questions of usury decided in this court are *Sands v. Smith*, 1 Neb., 108. *Philo v. Butterfield*, 3 Neb., 259. *Richards v. Kountze*, 4 Neb., 206. *Cheney v. White*, 5 Neb., 261. *Cheney v. Woodruff*, 6 Neb., 151. *Keim & Co. v. Avery*, 7 Neb., 54. *Lincoln B. & S. Assn. v. Graham*, 7 Neb., 173. *Cheney v. Eberhardt*, 8 Neb., 423. *Rosa v. Doggett*, 8 Neb., 48. See also *Wortendyke v. Meehan, post.* Surety on note may plead usury as a defense. *Keim & Co. v. Avery*, 7 Neb., 54.—REP.

county.   Ashby conveyed his undivided half to Free-
man for an agreed price of $350, and in payment there-
for Freeman gave his note, secured by a mortgage on
the lot, signed by himself and wife    Ashby having ar-
ranged with Armstrong to sell him the note and se-
curity for $275 cash in hand, had the note and mort-
gage made directly to Armstrong, who brought suit
in the district court to foreclose the same.   In their
answer to the petition of the plaintiff, the defendants
alleged that the said note, with the mortgage to secure
the same, was given by the defendants to the plaintiff
for the loan of $350, for two years, and that the sum
of $75 was reserved by plaintiff, and taken out of said
loan of $350 as illegal and usurious interest, and the
said note was drawn for the full sum of $350, with 12
per cent interest thereon from the date of said note,
and that the amount actually received by defendant on
said loan, for which said note was given, was the sum
of $275, and no more; that there was due from defend-
ants to plaintiff on said note only the sum of $275, with-
out interest.   The plaintiff for a reply denied each and
every allegation of defendants' answer.   The case was
tried to the court, WEAVER, J., and the court found
generally for the plaintiff, and that the full amount
claimed in plaintiff's petition was due from defendants
to plaintiff, and a decree of foreclosure was rendered
accordingly, and the plaintiff recovered his costs.   To
which finding and decree the defendants excepted, and
from which they appeal to this court.

*Colby & Hazlett*, for appellants.

The transfer of interest of Ashby to Freeman in the
mortgaged premises could be considered in no other
light than as a shift to evade the statute.   Such at-
tempted shifts and devices, when they have been brought

before the courts have been universally held to be usu-rious. *Richards v. Kountze*, 4 Neb., 205. *Cheney v. White*, 5 Neb., 261. *Cheney v. Woodruff*, 6 Neb., 151. *Lowe v. Waller*, 2 Doug., 736. *Ruffin v. Armstrong*, 2 Hawks, 411. *Rose v. Dixon*, 7 Johns., 196. *Seymour v. Strong*, 4 Hill, 255. *Shanks v. Kennedy*, 1 A. K. Marsh., 65. *Schemerhorn v. Tallman*, 14 New York, 93. *Griffin v. New Jersey Oil Co.*, 3 Stockton, 49. *Mitchell v. Preston*, 5 Day, 100. *Pratt v. Adams*, 7 Paige Ch., 615. *Torrey v. Grant*, 10 Smedes & Marshalls' Reports, 89.

The evidence shows that Armstrong was in the money loaning business, and that Freeman, who was represented by Ashby in the transaction, was hard up and wanted to borrow, and the only object he had in the transaction was to obtain the money. Armstrong did nothing in the transaction but advance $275, and take Freeman's note for $350 with 12 per cent interest from date. He made no purchase, sale, trade, barter, or bargain—incurred no risk, and assumed no obliga-tion.

*Hardy & Sabin*, for appellee.

Was there usury in the note and mortgage? "To constitute usury there must be a loan, or a good con-sideration for the forbearance of a loan in contempla-tion by the parties—it must be an original contract." Nebraska Digest, page 272. *Nicholls v. Fearson*, 7 Pe-ters, 103. *McGill v. Ware*, 4 Scam., 24. *Richards v. Kountze*, 4 Neb., 205. In cases cited by defendant in 5 Nebraska, 261, and 6 Nebraska, 151, no such ques-tion was considered as is by this case presented. There the plaintiff sent his money to an agent to loan, and the agent exacted and took from the borrower a com-mission out of the money loaned over and above law-

ful interest. This was properly held to be usury. These cases do not apply to the suit at bar, in which the defendant borrowed no money, nor paid, nor is required to pay, any bonus, and only to pay for the land he bought. We fail to see any authority cited by defendant that tends to show such a state of facts usurious. We deem this largely a question of fact, and that the law of usury is well settled. Usury is a defense in part, and must be proved. The *onus probandi* is upon the party pleading it.

LAKE, J.

The only defense made in the court below was that of usury, and this was not sustained. The propriety of this decree seems to depend solely upon questions of fact, which, although there were no special findings, it is fairly presumable were passed upon by the district court.

It is a rule of this court that the findings of inferior tribunals upon questions purely of fact will not be interfered with, unless found to be clearly against the weight of evidence. And this rule applies to all cases, whether they come here by petition in error or on appeal.

The evidence upon the question of usury is not very conflicting, and we think not only supports the conclusion of the district court, but would hardly warrant any other. By it the following facts appear to be very clearly established:

*First.* That the defendant Freeman and W. H. Ashby were equal joint owners of the premises upon which the mortgage was subsequently given.

*Second.* That Ashby being desirous of converting his share into money offered to sell it for $350. Freeman became the purchaser at that price, for which he gave the note and mortgage now in controversy.

*Third.* That during the negotiations resulting in this sale, Ashby arranged with Armstrong to sell him the note and mortgage, if he obtained them, for $275 cash in hand.

*Fourth.* At the request of Ashby, and to save the trouble of transferring them, the note and mortgage were made directly to Armstrong, from whom Ashby then received the price which he had agreed to take for them.

These appear to be the material facts brought out by the testimony, and we see nothing in them from which the vice of usury can be legally inferred. There is no testimony to show that the sale of these premises was a mere device to evade the law, or that it was any other than *bona fide.* Ashby fixed upon a price for his interest in the land which, for aught that is shown, was reasonable, and Freeman agreed to give it, executing his note and mortgage therefor. This consideration belonged to Ashby, and he was at liberty to dispose of it as he pleased. He could retain, sell, or give it away. That he chose to sell it at a discount, which he had a perfect right to do, is no concern of Freeman. It is not shown that Armstrong had anything whatever to do with fixing the price which Freeman agreed to give Ashby for the land, or that he took any part in the trade between them.

Under the circumstances of this case we think Armstrong occupies the place of a purchaser of securities in the market, wherein, whatever may be the rate of discount, he cannot be subjected to the penalties against usury so long as he has not participated in any contrivance to evade the statute.

Such being the views of this court the judgment must be affirmed.

JUDGMENT AFFIRMED.