MARTHA J. COURTNAY, APPELLANT, v. THOMAS PRICE, AND OTHERS, APPELLEES.

1. **Usury.** It is a settled rule of this court that if an agent, intrusted with the business of loaning money, exacts for its use, either directly or indirectly, interest in excess of the legal rate, the transaction will be judged usurious. Rule applied.

2. **Review of Questions of Fact.** Another rule is that the findings of trial courts upon questions of fact will not be interfered with, unless clearly unsupported by the evidence. Rule applied.

3. **Practice:** QUESTIONS NOT RAISED IN THE TRIAL COURT. In its appellate jurisdiction, the province of this court is, generally, to review the rulings of inferior tribunals, duly

excepted to at the time of being made, and to correct such of them as are found to be erroneous; not the consideration of questions first raised after the case is brought here, unless they be those of jurisdiction.

4. ———: DEFENSE OMITTED. If a defendant in the trial court omit a defense upon the merits which he might have made, he will, in this court, be bound by the case made by the pleadings and evidence, as exhibited by the records.

THIS was an action in district court for Lancaster county, for the foreclosure of a mortgage, given by defendants to secure a note of $1,000, payable to Henry Atkins, and by him assigned to plaintiff. Defense—usury, and the court, POUND, J., presiding, so found. Decree for plaintiff for $536.65, and judgment against her for costs. She appeals.

*Courtnay, Caldwell & Northrop*, for appellant.

*Galey & Abbott*, for appellees.

LAKE, J.

It is a settled rule of this court that if an agent, intrusted with the business of loaning money, exacts for its use, either directly or indirectly, by whatsoever shift or device, interest in excess of the legal rate, the transaction will be judged usurious. *Philo v. Butterfield*, 3 Neb., 256. *Cheney v. White*, 5 Id., 261. *Same v. Woodruff*, 6 Id., 151. *Same v. Eberhardt*, 8 Id., 423.

Another rule equally well established is that, upon questions of fact, this court will not interfere with the finding of a trial court, unless it is clearly unsupported by the evidence. *Armstrong v. Freeman*, 9 Neb., 11. *Graham v. Kibble*, Id., 182. And the finding will be considered supported, unless there be a clear preponderance of evidence against it. *Young v. Pritchett*, 10 Id., 352. *Helling v. Mortgage Security Co.*, Id., 611. Tested by these rules, how stands the case we are now considering?

It is conceded that the plaintiff took the note and se-

·curity after maturity, so that, if the plea of usury would have been good against the original payee, it is now good as to her. Among the facts brought out in evidence, and which seem to be undisputed, is a very important one testified to by Henry Atkins, the payee of the note, called on behalf of the plaintiff, viz:    That the making ·of this particular loan to Price, as well as others made about the same time, was intrusted solely to the judgment and discretion of his agent, D. G. Hull, who made it, and exacted the interest reserved.    We quote as follows from his testimony :

Q.  Did you see or know anything in regard to the loan that was made by Mr. Hull to Mr. Price, the note of which is in controversy to-day?

A.  I did not.

Q.  Did you know anything about it till after it was consummated?

A.  Not till after.

Q.  Did you allow Mr. Hull to use his own judgment in regard to the way he loaned this money?

A.  He used his own judgment in that loan so far as I am concerned, for I did not know anything at all about it.

Q.  Was he in the habit at this time of having written applications, and referring them to you?

A.  No.

The amount of this loan was nominally one thousand dollars.    The note was for that amount.    Of this Price actually received seven hundred and eighty dollars only, the residue going to pay one year's interest, in advance, at the nominal rate of twelve per cent., and one hundred dollars charged by Hull for his services. It is this charge made by Mr. Hull which it is claimed renders this loan usurious.

Price in his own behalf testified that " a week or so before this money was got, I met Mr. Hull in the city,

and he said he had got an agency to loan money, and if any of the people down there wanted to borrow, send them up, he had money to loan." And as to the money from which this loan and others were about that time made by him, Hull swears it came from Atkins, by means of a draft for a little less than five thousand dollars to one Maton, a friend, and subsequently a brother-in-law of Atkins, and was deposited to his (Hull's) credit. The money was, therefore, intrusted to the keeping and care of Hull, and, from all the testimony, it is very clear, was loaned out upon his sole judgment as to the security to be required. That Hull was Atkins' agent the evidence leaves no room for doubt.

And Price also testified that, "when he," (Hull), "came to balance, he took out one hundred dollars, and I told him he should retain fifty dollars less. He said that Mr. Atkins allowed him five per cent. for attending to the business, and keeping it straight, and he would have to take the amount, he could not wait for next year." Hull was on the stand as a witness, but he did not deny that he so said to Price. Being true, the legitimate inference from this testimony would seem to be that as to the five per cent. commission, at least, the transaction was usurious; Price being willing that the other fifty dollars should be kept, probably, for Hull's services in drafting papers, taking acknowledgments, etc. Hull, in answer to the question: " What was said about your commission?" answered, "I could only judge by what I ordinarily said." But what he "ordinarily said" does not appear. He seems to have had no recollection on this particular subject, and left the statement of Price to stand entirely uncontradicted. It seems that, regarding this transaction generally, Hull's recollection was not good, as he conceded by saying that he knew " what the arrangement was, but could not give the conversation." He could give conclusions, but not the facts upon which they were

based, which is not at all satisfactory to a court in deter-
mining issues between parties. For these considerations,
we see no reason for interfering with the conclusion of
the district court, that the loan in question was usurious.
We might refer at greater length to the testimony, but to
do so would be of no particular use, therefore we
abstain.

As a second ground for reversal, it is contended that
Price was estopped from making the defense of usury in
this case, for the reason that he failed to make it in
another foreclosure suit, brought by Atkins, before he
parted with these securities, against that portion of the
mortgaged estate lying in Otoe county, wherein a decree
for the amount claimed, a sale, and a partial satisfaction
were obtained. This point is first made in this court. It
is merely suggested in the petition, and also in the
answer, that such proceeding had taken place in the dis-
trict court for Otoe county, but the decree there was not
plead as an estoppel, nor was it even referred to on the
trial below. The judge's attention was not called to it;
and the trial of the question of usury was entered upon,
and proceeded with by the examination of witnesses,
precisely as if no prior suit had been instituted, or de-
cree rendered. In its appellate jurisdiction the province
of this court is, generally, to review the rulings of infer-
ior tribunals, duly excepted to at the time of being
made, and to correct such of them as are found to be
erroneous; not the consideration of questions first raised
after the case is brought here, unless they be those of
jurisdiction. In civil cases especially, the rulings of
trial courts, upon questions not of jurisdiction, and their
action generally within the scope of their jurisdiction,
unobjected to, must be regarded as satisfactory to the
parties, and not to be interfered with on appeal. And if
a defendant in the trial court omit a defense upon the
merits which he might have made, and submits issues

not involving it, he will, in this court, be bound by the
case made by the pleadings and evidence, as exhibited by
the record.

JUDGMENT AFFIRMED.