DENNIS McLAUGHLIN, APPELLANT, V. WILEY SAN-
DUSKY, APPELLEE.

1. **Trial:** FINDING. In cases tried to a court, without the inter-
vention of a jury, the finding on questions of fact is entitled to
the same respect in the supreme court on appeal as would be ac-
corded to the verdict of a jury under like circumstances, and
will not be interfered with unless clearly wrong.

2. **Injunction:** PUBLIC OFFICERS. An injunction will not be
granted to restrain an officer from the performance of an act
official in its character, unless it be shown to the satisfaction of
a court of equity that an injury has been or will be suffered by
the plaintiff in the action.

3. **Roads.** Under section 73 of the road laws of this state a road
supervisor has authority to open a water-course from a road to a
natural water-course. A pond is not such water-course.

4. **Practice in Supreme Court.** Case examined, and there be-
ing sufficient evidence to sustain the decision of the district
court upon questions of fact, the decision is affirmed.

APPEAL from the district court of Johnson county.
Tried below before BROADY, J.

*V. D. Metcalfe* and *Babcock & Davidson,* for appellant.

*D. F. Osgood,* for appellee.

REESE, J.

The plaintiff, being the owner of the south-west quarter
of section ten in township five of range ten, in Johnson
county, brought this suit in the district court against de-
fendant, who was road supervisor of the district in which
the land is situated, for the purpose of enjoining him from
maintaining and continuing a ditch from an adjacent pub-
lic highway on to his land. The pleadings and proofs
show that the land of plaintiff is very low and somewhat
marshy, and that a considerable portion of his land is cov-

ered by a pond, in which water stands during most if not all of the year. That the land is lower than much of the adjacent land on the west and north, and that in times of heavy rainfall or the melting of snow, much of the surface water from such lands is collected upon his land. There is a public highway along his west line which extends northward, and which is located through and over low, wet land. That in order to make the road passable it was necessary to grade it up above the water level, and in constructing such grade a ditch was cut along either side of the road. At a proper location near, and a little north of the north-west corner of plaintiff's land, a culvert was constructed across the road for the purpose of allowing the water accumulating in one of the lateral ditches to pass through into the other. Plaintiff alleges that the defendant cut a ditch along and near the north line of his land until said ditch came near the north end of the pond on his land, which reached near the north line, and then extended said ditch on to and across his land a distance of two rods, at which point the water from said highway and adjacent land was permitted to flow upon and over his land, increasing the size of the pond and inflicting a permanent injury to his farm. Defendant, while admitting the construction of the ditch, denies that plaintiff has suffered any damage, or that the flow of water has been in any degree increased by said ditch. Plaintiff claims that the water carried through the ditch is thereby diverted from its natural course and channel, while defendant as strongly contends that the ditch was so constructed as to follow the natural flow of the water which had no channel. These questions of fact were submitted to the court upon the proofs, and the finding was in favor of defendant. A decree was entered dismissing the action, and plaintiff appeals.

As we view the case the questions of fact presented by the pleadings and proofs are the controlling questions, and if the decision of the district court upon them cannot be

reversed it will be wholly unnecessary for us to examine the questions of law presented by the briefs and argument of counsel. If plaintiff is not injured by any act of defendant he is entitled to no relief.

On behalf of plaintiff the testimony of himself, David Mook, Jonathan Linford, Homer Greene, and William Campbell was taken, and each testified substantially that the flow of water on to plaintiff's land is greatly increased by the construction of the ditch, and a considerable quantity of plaintiff's land is overflowed which would not otherwise be. Upon the part of the defense the testimony of W. S. Dunlap, F. N. White, Mathew Brannen, E. D. Smith, S. L. Beatty, G. W. Harrington, and John Jones was taken, and each one as unequivocally testified that the flow of water was not increased by the ditch, and that the land of plaintiff was in no way injured thereby, but upon the other hand some testified it was an actual benefit—that the surface water which was collected upon the land over which the road was established had formerly ran where the ditch was made, but without any channel, and that the construction of the ditch served only to collect the flowing water into a channel, and to drain the excavations which had been made by the road side at the time the road was graded. If the testimony of these witnesses was true, it is clear that the plaintiff had no cause of action, and his petition was rightly dismissed. The testimony was submitted to the court and was sufficient to sustain its finding.

It is a well established rule of this court that the findings of inferior tribunals upon questions of fact will not be interfered with unless clearly wrong, and this rule applies to cases brought into this court upon appeal as well as upon error. *Armstrong v. Freeman*, 9 Neb., 11. *Richardson v. Steele*, Id., 483. *Cheney v. Eberhardt*, 8 Neb., 423.

Before an injunction can be granted in acts of this kind it must be made to appear to the satisfaction of a court of equity that substantial and positive injury has been or will

be suffered by the plaintiff in the action. Acts which are unauthorized but have no injurious effects constitute no grounds for relief by injunction. 1 High on Injunctions, § 9. *Rogers v. M. S. & N. I. R. R. Co.*, 28 Barb., 539. *Head v. James*, 13 Wis., 718. *Bank v. Fresno C. & I. Co.*, 53 Cal., 201. Pomeroy's Eq. Jurisprudence, § 1350.

During the trial in the district court it was shown that defendant appointed appraisers under the provisions of section 73, Comp. Stat., Ch. 78, for the purpose of appraising the damages caused to plaintiff's land by the construction of the ditch thereon, and the appraisers returned that plaintiff had suffered no damage. Under this appraisement defendant sought to justify the construction of the ditch. As the statute referred to only gives the supervisor authority to open a water-course from the road to a natural watercourse, and as a pond is not such water-course, it is evident that he could not so justify. Had he opened the ditch or water-course through the land of plaintiff to the stream referred to by the witnesses, he perhaps could have done so.

For the reason that the proof shows that plaintiff is not injured by what has been done, the decision and decree of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.