PETER A. ANDERSON v. HENRY W. VALLERY.

FILED MARCH 6, 1894.     No. 5637.

1. **Usury:** RENEWAL OF NOTE: BONUS: QUESTION OF FACT. An
agent had for collection a promissory note belonging to his prin-
cipal. The maker of the note paid such agent sufficient money to
discharge said note, except the sum of $165. Said agent, instead of
applying on said note all the payments made, retained the sum of
$10 by way of a bonus, attorney or collection fee, and took a note
from the debtor, payable to the agent's principal, for $175, due six
months afterwards, drawing interest at ten per cent, and secured
by a chattel mortgage.   *Held,* In a suit of replevin brought by
the payee of said note for the possession of the mortgaged prop-
erty, that whether said agent retained said sum of $10 by way
of a bonus, attorney or collection fee in consideration of a for-
bearance extended by him to the debtor for the payment of the
$165 remaining due on the note which the agent held for collec-
tion, was a question of fact properly submitted to the jury.

2. ———: ———: ———.   In such case if the agent retained said
$10 as a bonus for forbearing present payment of the balance
due on the note which he held for collection and for which
the $175 note was given, then taking such bonus rendered such
last named note usurious.

ERROR from the district court of Saunders county. Tried
below before BATES, J.

*Clark & Allen,* for plaintiff in error.

*J. K. Vandemark* and *Simpson & Sornborger, contra.*

RAGAN, C.

1. This is an action of replevin brought in the district
court of Saunders county by Peter A. Anderson against

Henry W. Vallery.    Anderson claims that at the commencement of this suit he had a special ownership in, and was entitled to the immediate possession of, the property replevied.    He bases his claim to the possession of this property under a chattel mortgage made thereon April 18, 1889, by Vallery, the owner of the property, which mortgage was given to secure the payment of a note of said date for $175, due six months after date, drawing interest at ten per cent per annum from date, and payable to the order of Anderson.    Anderson having been unsuccessful in the court below brings the case here on error.

The evidence in the record conclusively shows that one Bays was the agent for Anderson in all the transactions out of which this lawsuit arose; that on April 4, 1888, Vallery executed his note to Anderson for $350, drawing interest at the rate of ten per cent per annum, and due one year after that date, and to secure the payment of the same he gave Anderson a chattel mortgage on certain personal property; that this latter note with mortgage, about the time of its maturity, was in the hands of Bays, as Anderson's agent, for collection.    The evidence tends to show that Vallery paid to Anderson on this $350 note sufficient money to discharge the same, both principal and interest, except $165; that Bays, instead of applying all said money to the discharge of said $350 note, retained $10 as a bonus, attorney or collection fee, and took the note in suit from Vallery for the balance due on the note of $350 and the $10 retained by him.    The evidence is undisputed that on the $175 note Vallery made payments, before this suit was brought, as follows: October 29, 1889, $55; November 16, 1889, $57; and the evidence is undisputed that on the 17th day of February, 1889, the day the suit was brought, Vallery made a further payment on said note of $70. Whether this $70 was paid before or after the service of the summons in this case on Vallery is disputed, but there is no doubt but that Bays, who brought the suit for

Anderson, was advised by Vallery before such suit was brought that the $70 was on its way to him by express from Plattsmouth, where it seems Vallery had borrowed the money about the 15th of February. It appears that the action was originally commenced before a justice of the peace. One of the errors assigned here is that the verdict of the jury is not supported by the evidence. If the note for $175 should have been for only $165, as the evidence tends to show and the jury found, then the payments made by Vallery on this note were sufficient to pay it in full, both principal and interest, and there was nothing due on it when this suit was brought, provided the $70 payment was made before the bringing of the suit. As before stated, the evidence tended very strongly to show that this $70 payment was made before the suit was brought, and the jury, by its finding, has said that the payment was made before the bringing of the suit. The evidence in the record abundantly supports the finding of the jury, then, that at the time the suit was brought no sum of money whatever was due upon the note made the basis of the replevin action.

2. On the trial the court instructed the jury as follows: "You are instructed that if the plaintiff, by himself or his agent, contracted for, received, or reserved $10 or other sum in excess of ten per cent per annum upon the pretense that the same was a commission or collection or attorney's fee, then the promissory note for $175 would be usurious, and the plaintiff would not be entitled to recover or receive any sum greater than the sum shown to be due at the time of the execution of the said $175 note." The giving of this instruction is now assigned as error. The contention is that there was no evidence of usury in the case to which the instruction was applicable. The action being one of replevin, and the pleadings being a petition and a general denial, the only issue of course was whether the plaintiff was entitled to the possession of the property replevied.

To defeat this claim the defendant below was entitled to introduce any evidence which tended to disprove the right of the plaintiff to the possession of the property. The evidence introduced tending to show that Bays retained $10 of the money paid him by Vallery for Anderson, as a bonus, collection or attorney fee, was competent, as it tended to show that this $10 was reserved in consideration of a forbearance by Anderson, through his agent, Bays, extended to Vallery for the $165 remaining unpaid of the old note. We think the jury would have been justified, under the evidence, in inferring that the $10 retained by Bays—if it was so retained by him—was in consideration that he would extend the time to Vallery for the payment of the amount remaining due on the old note. It follows, therefore, that the court did not err in the instruction to the jury complained of. It was for the jury to say not only whether this $10 was retained by Bays, but, if retained, for what purpose and on what account. It is said by counsel that if it be admitted that Bays retained the $10, that that did not make the transaction usurious. We are unable to agree to this contention. It might, or it might not, make the transaction usurious. That would depend upon the intention and purpose with which the money was retained. Had Vallery paid the entire sum due on the note to Anderson or his agent, Bays, and Anderson or Bays had then loaned Vallery $165 of the money, reserving $10 by way of a bonus, commission, or collection fee, we do not think that counsel would question but that the transaction would have been usurious. Is there any difference in principle in the case supposed and the one which the testimony tends to establish? The rule of this court is that where one is entrusted with the business of lending money of another and exacts for its use, either directly or indirectly, by whatsoever shift or device, interest in excess of the rate permitted by the statute, the transaction will be adjudged usurious. (*Cheney v. Eberhardt*, 8 Neb., 423.)

3. The next error assigned is in giving an instruction by the court to the jury as follows: "You are instructed that if at the time of the commencement of this action the defendant had tendered to the plaintiff, or his agent, Bays, $20, or any other sum, which, added to any sums which had before that time been paid, aggregated an amount equal to, or greater than, the amount actually due to the plaintiff at that time, then the jury should not take into consideration any amount thereafter paid by the plaintiff in his efforts to collect or enforce his claim." Counsel say that this instruction was erroneous because there was no evidence of a tender, and because the instruction lays down the rule that if the sum due on a debt is tendered at any time before trial, all costs thereafter made must fall on the creditor; but counsel misunderstands this instruction. It tells the jury that if they find, at the time suit was brought, Vallery had already paid or tendered to Anderson all the money due on the note, then the jury could not take into consideration any money paid out by Anderson after such payment and tender in his efforts to collect his debt. The jury had no right to take into consideration in this case any money paid out by Anderson in his efforts to collect this debt, whether paid before or after the tender. Anderson had to succeed by establishing a lien upon the mortgaged property, and that lien could only be established by showing that some sum remained due on the debt which the mortgage secured; and there is no dispute in the record but that Vallery had paid on the note the sums of $55, $57, and $70. The only dispute as to these payments was the exact time at which this $70 was paid. The instruction certainly did not prejudice the plaintiff in error.

As to the other reason assigned by counsel as to why this instruction was erroneous, viz., that the record contained no evidence of a tender, this is to be said: It appears that Vallery's first answer to the petition of replevin, among other defenses, set out that on the 16th day of February,

Anderson v. Vallery.

the day before the suit was brought, he had paid Bays for Anderson $70, and tendered him $20 in full satisfaction of the note.   The case was not tried on this answer, but, by permission of the court, Vallery filed an amended answer, consisting of a general denial.   On the trial Vallery introduced no evidence on the subject of a tender, but Anderson's counsel, for some reason not disclosed by the record, over the objection of Vallery, put this first answer of Vallery in evidence; and at the request of the plaintiff in error the court instructed the jury: " The jury are instructed that if they find from the evidence that the tender shown on the trial was insufficient in amount to cover the amount due the plaintiff at the time the tender was made, then the jury will find that such tender was no defense."   The plaintiff in error is in no position now to say that there was no evidence of a tender in the record.   He proved that fact by putting in evidence Vallery's answer; and not only that, but at his request the court instructed the jury as to the effect of this tender.   The rule laid down in *Tompkins v. Batie*, 11 Neb., 147, cited by counsel, is not applicable to this case.   The court did not tell the jury, in the instruction on the subject of tender, that if they found Vallery tendered as much or more money to Bays than was due on the $175 note, such tender amounted to a payment of the note and released the mortgage lien.   Had he done so the instruction would have been bad.   What the court did tell the jury was, in effect, that they should not take into consideration any costs made by Anderson in attempting to collect his debt after the tender made.   This was correct. The judgment of the district court is

AFFIRMED.