C. W. GOODIN v. J. H. PLUGGE.

FILED MARCH 3, 1896.   No. 6274.

Alteration of Instruments: PROMISSORY NOTES: EVIDENCE. Where a promissory note is offered in evidence, and it is apparent from an inspection that there had been a material alteration thereof it may generally be received. Whether so altered prior or subsequent to its execution and delivery, is a question, finally, for the determination of the trial court or the jury, as is any controverted fact in the case, from a consideration of all the competent evidence adduced by the parties explanatory or tending to settle the disputed point. (*Bank of Cass County v. Morrison*, 17 Neb., 341.)

ERROR from the district court of Colfax county. Tried below before SULLIVAN, J.

*Phelps & Sabin*, for plaintiff in error.

*T. W. Whitman* and *H. C. Russell, contra.*

HARRISON, J.

An action was instituted on a promissory note in the county court of Colfax county, and from a judgment rendered there was appealed to the district court of the same county.   The defenses in-

terposed were that there had been a material al-
teration in the note subsequent to its execution,
and duress.    There was a trial to the court and a
jury, resulting in a verdict and judgment for de-
fendant; hence these proceedings in error on be-
half of the plaintiff.

With reference to the defense of duress it may
be said that there was not sufficient evidence to
sustain it, and we will turn our attention to that
in relation to a material alteration of the instru-
ment.    Counsel for plaintiff contend that it de-
volved upon the defendant to show by a prepon-
derance of the evidence that there had been such
an alteration, and further, that it was made sub-
sequent to the execution and delivery of the note.
The trial judge instructed the jury in reference to
the burden of proof, as follows: "As to each of
said defenses the burden of proof is on the defend-
ant, and before you can find in his favor on either
of said issues, he must produce a preponderance
of the evidence thereon.    If the evidence on
either of said issues is equally balanced, or if the
preponderance is with the plaintiff, you should
find for the plaintiff as to such issue."    The
contention in behalf of defendant is, in sub-
stance, that when the defendant had offered
proof which tended to show a material altera-
tion, the burden of proof was then upon the
plaintiff to explain it or establish the fact that
it was made before execution.    In cases in which
the point here involved has arisen and been dis-
cussed and decided there appears great contra-
riety in the opinions, and different and opposite
rules have been announced.    In *Neil v. Case*, 25
Kan., 510, it was said with reference to this sub-
ject: "This is a vexed question and the books

are full of diverse decisions.   Four different rules
are generally stated: First, that an alteration ap-
parent on the face of the writing raises no pre-
sumption either way, but the question is for the
jury; second, that it raises a presumption against
the writing, and requires, therefore, some expla-
nation to render it admissible; third, that it raises
such a presumption when it is suspicious, other-
wise not; fourth, that it is presumed, in the ab-
sence of explanation, to have been made before de-
livery, and therefore requires no explanation in
the first instance.   *   *   *   The question as to
the time of the alteration is, in the last instance,
one for the jury.   It is, like any other fact in the
case, to be settled by the trier or triers of the facts.
Generally, the instrument should be given in evi-
dence, and in a jury case should go to the jury
dence, and in a jury case should go to the jury,
parties to such explanatory evidence of the altera-
tion as they may choose to offer.   *   *   *   Per-
haps there might be cases where the alteration is
attended with such manifest circumstances of
suspicion that the court might refuse to allow the
instrument to go before the jury until some expla-
nation." The rule governing this question in this
state was announced by the court in the case of .
*Bank of Cass County v. Morrison*, 17 Neb., 341, as
follows: "Where a material alteration is apparent
on the face of a written instrument offered in evi-
dence, the question as to whether such alteration
was made before or after the execution and de-
livery of such instrument is, in the last instance,
one for the jury or trial court.   It is, like any
other fact in the case, to be settled by the trier or
triers of facts.   Generally, in such case, the in-
strument may be given in evidence, and may go to

Goodin v. Plugge.

the jury or trier of fact, leaving the parties to such explanatory evidence of the alteration as they may choose to offer." The facts and circumstances of the present case bring it within the doctrine thus announced, hence it will be adopted and applied herein.

The claim in regard to the alteration of the note in suit was that it was originally made for the sum of "seventy-four and 35-100 dollars," and that in the body of the note and immediately in front of the above named words, as they there appeared, there were inserted the words "one hundred," thereby increasing it by the amount shown by the two added words, and further, that the figures in the upper left-hand corner of the note had been so changed as to indicate the note to be for the sum of $174.35, when, as executed, such figures had shown it to be for $74.35. There was evidence more or less positive in relation to any alteration havig been made, and, if so, the time when; and we cannot say that the finding of the jury was plainly opposed to the weight of the testimony or clearly wrong. This being true, it will not be disturbed or reversed. (*McLaughlin v. Sandusky*, 17 Neb., 110, and cases cited.)

The court, in two of the paragraphs of its instructions, each referring to the alleged alterations of the note, mentioned the insertions of the words "one hundred" and the figure "1" in the same connection, coupling them together in a statement of what effect the alterations would have upon the rights of the parties to the action, and making no distinction between them. Counsel for plaintiff state in their brief: "The court erred in submitting to the jury, as the material part of the note, the question as to whether or not

the figure '1' in the left-hand top of the note had been placed there before or after its execution. These figures are not a material part of the note, and the jury should have been told that they could only consider such change in figures, if any, upon the question whether there was any alteration in the body of the note." The record discloses that the court submitted to the jury a special finding. We here give it with the answer: "The jury will answer these questions: First, was the note in suit altered after the execution by the insertion therein of the words 'one hundred'? Answer: Yes." From this it clearly appears that the verdict of the jury was based in part, if not as a whole, on a finding that the note had been altered after its execution by the insertion of the words "one hundred," and this being ascertained, it becomes evident that the fact that the question of the insertion of the figure "1" entered into the deliberations of the jury, and, by sanction of the instructions of the court, jointly with the question of the addition of the words did not prejudice the rights of the plaintiff.

Counsel for plaintiff prepared five instructions and presented them with a request that they be read to the jury. This request was refused. In the motion for new trial the action of the court in this respect was assigned for error as follows: "The court erred in refusing instructions numbered 1, 2, 3, 4, and 5, requested by the plaintiff." In the argument in the brief filed counsel for plaintiff refer to but two of these instructions, the fourth and fifth. It seems plain that the purpose for which the fifth instruction was prepared, and it was expected its giving would subserve or accomplish, was fully covered and

·effected by instructions numbered 2 and 3, given by the court on its own motion. If so, it was not error to refuse to give the one requested by counsel for plaintiff. This being our conclusion, we need not further examine any alleged errors in the refusal to give these instructions, as they were grouped in the assignment. (*Rea v. Bishop*, 41 Neb., 202.)

There are no other or further questions raised or discussed in the briefs, and, in accordance with the views herein expressed and conclusions announced, the judgment of the district court will be

AFFIRMED.