JOHN STOUGH V. WILLIAM L. OGDEN.

49    291
49    453
51    619

FILED OCTOBER 7, 1896.   No. 6713.

1. **Alteration of Instruments:** TIME.  Whether an alteration apparent from the face of a note was made at, or subsequent to, the time of its execution is a question of fact for the jury, and it is not in such case error to receive in evidence the note sued on, upon proof by the payee that the alleged alteration was made previous to its receipt by him, on the day of its date, from one of the joint makers thereof.

2. **Witnesses:** CROSS-EXAMINATION: DISCRETION OF COURT.  The law has conferred upon the trial court some discretion in determining the limits within which the cross-examination of witnesses may be allowed, and its action in that respect will not, in the absence of an abuse of discretion, be the subject of review by this court.

3. **Review:** INSTRUCTIONS.  Where several instructions are grouped in one assignment of the motion for a new trial or petition in error, they will be examined no further than to determine that a single one thereof was rightly given or rightly refused.

ERROR from the district court of Dixon county.   Tried below before NORRIS, J.

*Gantt & Welty*, for plaintiff in error.

*J. J. McCarthy, A. E. Barnes,* and *Marsh & Henderson, contra.*

POST, C. J.

This was an action by William L. Ogden in the district court for Dixon county against S. P. Mikesell, S. K. Bittenbender, and John Stough upon a promissory note for

$6,000, bearing date of September 5, 1889, payable to the order of the said Ogden one year after date, with interest at the rate of eight per cent per annum, payable semiannually. Separate answers were interposed to the petition below, and a trial had, resulting in a verdict and judgment for the plaintiff against the several makers of the note described, from which Stough alone prosecutes error to this court.

The answer of the defendant last named states two defenses, viz.: (1.) That said note was, as the plaintiff well knew, executed by said defendant as surety only and for the accommodation of the Ponca Milling Company, a corporation, and that payment thereof was for a valuable and sufficient consideration by the plaintiff extended from time to time after its maturity without the consent of the answering defendant. (2.) Said note has, without the consent of the defendant, been materially altered since its execution and delivery, by the insertion therein of the prefix "semi" immediately preceding the word "annually," thus making the interest in terms payable semi-annually, whereas the note as executed provided for interest payable annually. The jury, as we have seen, found against the contention of the defendant with respect to both defenses, and we cannot, upon the record, say that the verdict is unwarranted by the evidence. Referring to the second defense it is sufficient to say that Mr. Mikesell, who prepared the note for the signatures of the makers, testifies positively that the alleged alteration was made by him previous to the signing by either of the parties thereto. He is, it is true, contradicted by his co-defendants, but the issue of fact thus made was fairly submitted to the jury, whose finding thereon must be accepted as conclusive. The verdict was right also upon the other issue tendered by the answer, since the evidence fails to sustain the allegation that the note in suit was executed by the defendant as surety for the Ponca Milling Company. True it was in one sense for the accommodation of the milling company, for the rea-

son that the proceeds thereof were devoted to its benefit; but it is also true that Mr. Ogden, the plaintiff, refused to make any advancement upon the credit of that corporation, and expressly stipulated that the loan in question should be made upon the personal credit of the defendants, who are as to him principals, whatever may be their relations toward the corporation named as the result of that transaction.

It is argued that the trial court erred in receiving in evidence the note sued on, without first requiring an explanation of the alleged alteration, which, as we have seen, is the insertion in writing of the prefix "semi" in the printed form employed for that purpose. The plaintiff had, however, testified that he received the note on the day of its date from Mr. Bittenbender, one of the makers thereof, and that it was in the same condition when offered in evidence as when received by him. This evidence certainly tended to prove that the alleged alteration was made by the makers themselves at the time of the execution of the note, and was sufficient, *prima facie*, to rebut any presumption to the contrary arising from its appearance. The court did not, therefore, err in receiving the note in evidence, the question of the alleged alteration being in the end one of fact for the jury upon all of the evidence adduced. (*Goodin v. Plugge*, 47 Neb., 284.)

The plaintiff below, in his examination in chief, answered in response to an interrogatory by his attorney, that he had on one occasion, by appointment, met the defendants, when the latter all examined the note; that no objection was made thereto by any one present, and that all agreed that he, plaintiff, should have his money, but could not unite upon the means of paying it. On cross-examination he was asked the following question: "Was his [Stough's] attention in any manner drawn to these changes in the note?" to which an objection was interposed and sustained on the ground that it "was assuming something not in evidence." The examination might properly have been allowed, although its exclusion can-

not be said to be error calling for a reversal of the judgment. There had, up to that time, been no proof of any alteration of the note subsequent to its execution by Stough, and there is nothing in the record to indicate the purpose of the question, and its exclusion under the circumstances is not prejudicial to the defendant.

It is next argued that the court erred in allowing the plaintiff, upon cross-examination of the defendant Stough, to inquire into the affairs of the milling company. The examination may, it is conceded, have been unnecessarily protracted, but there was no such an abuse of discretion as to warrant a reversal upon that ground.

The remaining questions all relate to instructions given and refused, and are assigned in the motion for a new trial as follows:

"5. The court erred in refusing to give the second, third, fourth, fifth, sixth, ninth, eighth, first, and seventh instructions asked by the defendant.

"6. The court erred in giving the third, fourth, fifth, and sixth instructions asked by the plaintiff."

It has been repeatedly held by this court that where several instructions are grouped in one assignment of the motion for a new trial, or petition in error, they will be examined no further than to determine that a single one thereof was rightly given or rightly refused. It is not claimed, and cannot be claimed, that the district court erred in refusing all of the instructions enumerated in the fifth assignment, or in giving those enumerated in the sixth assignment. Indeed, the charge, as a whole, stated the law quite as favorably to the defendant as he was entitled to in view of the case as made by the pleadings and proofs. There being no error of record, the judgment will be

AFFIRMED.