W. W. HARE, APPELLANT, V. DAVID C. HOOPER, APPELLEE.

FILED NOVEMBER 3, 1898.  No. 8407.

1. **Usury:** PRINCIPAL AND AGENT. If an agent, for the purpose of making loans of money, exacts, directly or indirectly, for its use interest in excess of the legal rate, the transaction will be usurious.

2. ———: EVIDENCE. The evidence herein *held* to sustain a finding that the contract evidenced by the instruments in suit was tainted with usury.

APPEAL from the district court of Deuel county. Heard below before NEVILLE, J. *Affirmed.*

*Hoagland & Hoagland,* for appellant.

*James H. Hooper* and *Wilcox & Halligan, contra.*

HARRISON, C. J.

The plaintiff instituted this action in the district court of Deuel county to effect the foreclosure of a real estate mortgage, and from a decree in which was recognized and allowed the force and sufficiency of the plea and

proof of usury in the contract from which originated the indebtedness, the payment of which the mortgage in suit was given to secure, has appealed to this court.

The sole contention is that the evidence was insufficient to support the finding of the usurious nature of the said contract. The only portion of the plea of the appellee which could be determined to be of force, if any, was of a payment of the sum of $9, to a person who, it was alleged, figured in the transaction of a loan of money by appellant to appellee, evidenced by a promissory note, and its security by the mortgage sought to be foreclosed, as agent for the appellant, and who, it was further pleaded, exacted, or received, such amount of $9 as a bonus or commission for his services in the matter. The evidence disclosed that the appellee wrote appellant and solicited a loan, and was in a letter in answer to his application referred by appellant to one Van Marter, a resident of Deuel county, to whom it was stated was submitted for approval or disapproval applications to appellant for loans. Appellee saw Van Marter and the loan was procured, the party last named acting for the lender. The interest provided for in the note which was taken was at ten per cent per annum, the highest legal rate, and the appellee paid for recording the mortgage, for an abstract, for draughting the papers, a notary's fees and a bonus or commission of $9. A draft or check was forwarded by appellant to Van Marter for the full amount of the loan, $300, payable to the borrower, and from it the amounts of the fees and commission were taken and the balance paid to appellee. The exact methods pursued in the transaction need not be set out here at length. Suffice it to say that they were effective of the purposes for which they were employed.

A thorough examination of all the evidence convinces us that there was sufficient to sustain the finding of the trial court that Van Marter acted in the matter for the lender, and his acts constituted the contract usurious within the doctrine of this court on the subject. "It is

a settled rule of this court that if an agent, intrusted with the business of loaning money, exacts for its use, either directly or indirectly, interest in excess of the legal rate, the transaction will be adjudged usurious." (*Courtnay v. Price*, 12 Neb. 188; *Chency v. Eberhardt*, 8 Neb. 423; *Olmsted v. New England Mortgage Security Co.*, 11 Neb. 487; *Anderson v. Vallery*, 39 Neb. 626; *New England Mortgage Security Co. v. Hendrickson*, 13 Neb. 157.) It follows that the decree of the district court must be

AFFIRMED.