UNION PACIFIC RAILROAD COMPANY, APPELLANT, v. VILLAGE OF EDDYVILLE ET AL. APPELLEES.

FILED APRIL 14, 1917. No. 19298.

Waters: DIVERSION: INJUNCTION. An injunction at the suit of a railroad company to prevent a village from diverting waters along

a highway boundary to plaintiff's railroad embankment between the village and a river constituting the natural drainage basin *held* properly denied, where plaintiff disregarded a statutory duty to construct a culvert at the highway crossing and failed to prove that injury from such diversion would nevertheless have occurred.

APPEAL from the district court for Dawson county : HANSON M. GRIMES, JUDGE. *Affirmed.*

*Edson Rich, B. W. Scandrett, E. F. Dougherty* and *I. J. Nisley,* for appellant.

*Niles E. Olsen, contra.*

ROSE, J.

This is a suit for an injunction to prevent the village of Eddyville, defendant, from diverting water from the natural course of drainage to the roadbed of the Union Pacific Railroad Company, plaintiff.   From a judgment of dismissal, plaintiff has appealed.

Running northwest and southeast parallel with the general direction of Wood river, the railroad, with a grade two feet or more above the surface of the ground, is located between that stream and the western boundary of Eddyville.   The general slope of the land around the village is west or southwest toward Wood river, which is the natural drainage basin.   On this part of the watershed there are only two openings in the railroad embankment, each being a 24-inch tile culvert.   The northern boundary of Eddyville is a Dawson county road running east and west across the railroad and Wood river a short distance west of the village.   In draining an 80-acre lagoon with its center in the county highway east of Eddyville, Dawson county constructed an 8-inch tile drain, 1,200 feet long on the north side of the public road, the east or lower end of the drain being north of the village, near the mouth of a drainage basin heading in hills to the north.   Later, in 1911, the village enlarged a ditch or natural depression extending from the west end of the tile along the north side of the county road to the railroad right of way.   At times water followed this drain to the railroad embankment, flowed north 600

feet, and passed through a 24-inch tile culvert under the railroad track. In June, 1914, there was an unusual flood which washed out the culvert and 15 feet of railroad track.

The position taken by plaintiff is that defendant, by means of its ditch, wrongfully contributed to the diversion of water from the natural course of drainage to plaintiff's right of way, thus causing irreparable injury. Stated differently, plaintiff insists that water which, in the natural course of drainage, would have run southward through the village was diverted westward along the highway to the railroad. The trial court refused to grant an injunction. The decision is without error for the following reasons: The drainage of the highway is authorized by statute. Rev. St. 1913, sec. 2944; *McLaughlin v. Sandusky*, 17 Neb. 110. The 8-inch tile drain was constructed by the county, and the latter does not complain of any act of defendant. There was a natural depression or ditch where the drain was widened and deepened by defendant. Both before and after defendant improved the ditch part of the water followed it to plaintiff's right of way and part flowed through the village. The construction of a drain along a highway is not an improper use thereof. *Wachter v. Lange,* 94 Neb. 290; *Churchill v. Beethe,* 48 Neb. 87. Such a drain is not necessarily limited to waters on the highway, but may inure to the benefit of an adjoining proprietor. *Thom v. Dodge County,* 64 Neb. 845. A properly constructed culvert through the railroad embankment at the highway crossing would have drained water from the village ditch along the highway to Wood river. It is the statutory duty of a railroad company to make such a culvert when necessary. Rev. St. 1913, sec. 3016. The necessity therefor may fairly be inferred from the proofs. That duty has not been performed. There is a failure to prove that the injury of which plaintiff complains would nevertheless have occurred. In addition, the capacity of the culvert 600 feet north of the crossing is inadequate when the quantity of water which naturally collected there is taken into con-

sideration. These are circumstances under which a court of equity may refuse an injunction.

AFFIRMED.

SEDGWICK, J., not sitting.