C. JOHNSON ET AL. V. FIRST NATIONAL BANK.

[FILED FEBRUARY 19, 1890.]

1. **Negotiable Instruments:** ALTERATION: ADMISSIBILITY IN EVIDENCE. A note was dated August 1, 1886, due five months from date. In an action by an indorsee commenced April 30, 1888, plaintiff offered said note and the indorsement thereon in evidence, which was admitted over objection of defendants, they having set up as a defense the want of consideration for the note and that it was indorsed after maturity. Upon inspection of the note, the original being preserved in the bill of exceptions, it is apparent that the indorsement was first written with a lead pencil and dated "Oct. 1, 1887," which writing was partially erased and rewritten with pen and ink and dated " Oct. 15 | '87," and afterwards the figure 7 was altered to a 6. *Held*, Wrongly admitted.

2. **Pleadings:** NOT ADMISSIBLE IN EVIDENCE. The admission in evidence of the original petition in the case offered by plaintiff, *held*, error.

ERROR to the district court for Phelps county. Tried below before GASLIN, J.

*James I. Rhea,* for plaintiffs in error:

No foundation was laid for the admission of the indorsement by the treasurer of the Bridge Company, as he was not shown to have had the authority to make it. (Boone, Corporations, sec. 143; *Jackson v. Campbell,* 5 Wend. [N. Y.], 572; *Knight v. Lang,* 2 Abb. Pr. [N. Y.], 227.) The alteration casts a suspicion on the indorsement, and imposes on defendant in error the burden of proving that the same was made before maturity. (1 Greenleaf, Ev., sec. 564; Randolph, Commercial Paper, secs. 82, 686.) Pleadings are admissible in evidence only as admissions. (1 Greenleaf, Ev., sec. 205; Boone, Code Pleading, secs. 2, 214.) They are not "for the jury" (Thompson on Trials, secs. 1027, 2314; Maxwell, Pl. & Pr. ['81 Ed.], p. 385);

and a party cannot introduce his own pleadings in evidence unless they have been first introduced by the opposite party. (*Fugate v. Carter*, 6 Mo., 267.) The Illinois cases cited by defendant in error virtually decide that authority to indorse will not be presumed if called in question.

*Hall & Patrick*, and *J. H. Linderman, contra:*

· An indorsement is presumed to be regular, and to have been made in the ordinary course of business. (*McIntyre v. Preston*, 5 Gilm. [Ill.], 48.) The treasurer is the proper officer to indorse (Morawetz, Private Corporations, secs. 321, 509; *Fay v. Noble*, 12 Cush. [Mass.], 1; *Lester v. Webb*, 1 Allen [Mass.], 34; *Hutchings v. Ladd*, 16 Mich., 493); and third persons may act upon his indorsement as if authorized by the corporation. (*Walker v. Detroit, etc., Co.*, 47 Mich., 338 [11 N. W. Rep., 187].) The indorsement need not even disclose the name of the officer making it. (*Templeton v. Hayward*, 65 Ill., 178; *Walker v. Krebaum*, 67 Id., 252.) Cases cited by plaintiffs in error on this point seem to have been those where it was sought to charge a corporation on an unauthorized act. Pleadings are for the jury and their introduction in evidence does not make them more weighty.

COBB, CH. J.

The defendant in error alleged in the district court of Phelps county that it was and is a corporation, doing a banking business under the laws of the United States, located at Plum Creek in Dawson county.

II. That on August 1, 1886, the plaintiffs in error made and delivered to the Overton Bridge Company their promissory note in writing as follows:

"$50.        OVERTON, NEBRASKA, Aug't 1, 1886.

"Five months after date, for value received, we, or either of us, promise to pay to the order of The Overton Bridge

Company fifty dollars, at the office of its treasurer at Overton, Nebr., with interest at 10 per cent from date.   It is expressly understood and agreed that all the makers of this note are principals thereon.

"C. Johnson.

"C. L. Johnson.

"Witness: ——————."

III.  That on the ——— day of ———, 1886, The Overton Bridge Company indorsed said note as follows:  "Pay the First National Bank: Overton Bridge Company, E. M. Teflang, treasurer," and delivered and transferred it to the defendant in error, who became the owner thereof for value; that no part has been paid, and that there is due thereon the original sum, with interest from date, for which suit is brought.

The defendants in the court below answered, denying the allegations of the plaintiff's petition, except as herein admitted; they admit the note set forth, but aver that the plaintiff became the holder after maturity; that the note is without consideration, of which the plaintiff had notice.

That the note was executed to the Bridge Company as a donation or subscription, conditioned that the Bridge Company build a wagon bridge over the Platte river at a point intersecting the half section line running north and south through sections 1 and 12, in town 8 north, range 20 west; that the company procure the right of way and open a public highway through said sections on the half section line; that the bridge be completed by January 1, 1887, no tolls to be charged; which conditions were not complied with, but the terms of all of which were violated.

The plaintiff replied, denying each and every allegation of the defendants' answer.

There was a trial to a jury, with findings for the plaintiff and verdict for $50.   The defendants' motion for a new trial being overruled, judgment was entered on the verdict, and to which the defendants excepted.

I. That the court erred in admitting in evidence to the jury the indorsement of the note.

II. In admitting in evidence, as proof, the plaintiff's petition.

III. In excluding the testimony of defendant C. L. Johnson.

IV. The verdict is contrary to law, and is not sustained by the evidence.

The petition in the court below contained no allegation that the note sued on was transferred to the plaintiff by indorsement of the Bridge Company, or otherwise, before maturity. The pleader inserted a clause, apparently for the purpose of setting out the day, month, and year of the making of the indorsement of the note by the Bridge Company, but he failed to insert either the day or the month, leaving the appropriate places therein for the same blank, but did insert the figures 1886 as the year. The note bearing date August 1, 1886, and payable five months after date, as a matter of fact, if it was indorsed on any day in said year, it was indorsed before maturity; so that, by a liberal construction of the statute prescribing our most liberal system of pleading, an allegation that the indorsement was made in 1886 might, especially after verdict, be construed to be an allegation that the note was transferred to the plaintiff by indorsement before maturity.

The defendants, by their answer, alleged a want of consideration for the said note and denied that it was transferred by indorsement before delivery. These allegations taken together constitute a defense, and if proved would defeat the action.

Upon the trial the plaintiff offered in evidence the note and the indorsement, which, over the objection of the defendants, were admitted. The objection of defendants not being specific, must be held to apply as well to the indorsement in its changed and mutilated condition as to the note thus indorsed. I doubt the admissibility of the in-

dorsement without evidence explaining the alteration
therein apparent upon the face, or rather upon the back, of
the instrument. The indorsement was evidently first writ-
ten with a lead pencil and dated "Oct. 1, 1887;" this was
partially erased and rewritten with pen and ink and dated
"Oct. 15/87," and afterwards the figure 7 changed to a 6.
These changes are visible to the naked eye. As the action
was commenced in justice's court on the 31st day of May,
1888, the presumption is so strong that the true date of the
indorsement is that of the original, or lead pencil writing,
that, one of the issues in the case being that the note was
indorsed after maturity, the trial court should have re-
quired evidence explaining the alteration or alterations in
the date of the indorsement before admitting it in evidence.

II. The plaintiff offered in evidence the petition in the
case, which, over the objection of the defendants, was ad-
mitted. I know of no rule of evidence under which this
instrument was admissible, and there are serious objections
to such practice. This petition had been verified by the
oath of J. H. Lindeman as attorney for the plaintiff. By
the means here resorted to the plaintiff was enabled to
avail itself, before the jury, of the benefit of Mr. Linde-
man's oath, upon the facts stated in the petition, without
his being subjected to a cross-examination, and it further
takes the benefit of the belief, or opinion, of Mr. Linde-
man as to the truth of the facts stated in the petition, which
he would not have been permitted to give on the stand as
a witness for the plaintiff. It is true that the pleadings
in a case on trial are, under our practice, permitted to go
before the jury, not as evidence, but to show the issues
thereby made and presented. There was evidence on the
part of the defendants very clearly establishing the defense
of the want of consideration for the note, thus narrow-
ing the right of the plaintiff to recover to the single issue
of indorsement before maturity.

C. L. Johnson, one of the defendants, testified on behalf

of himself and co-defendant that in the month of January, 1887, he saw the note sued on in the hands of one George Crandall, and that there "was no indorsement on the back of the note at that time." This witness was asked the question, in reference to George Crandall at the time spoken of when he had this note in his possession, "State who, if any one, he was representing at that time." This question being objected to, was ruled out by the court. The purpose of asking this question was evidently to prove that some time in the month of January, 1887, after the maturity of the note, Mr. Crandall was acting as the agent of the payee of the note and had it unindorsed in his actual possession and therefore in the legal possession of his principal. The answer to this question would probably have shed light upon the somewhat doubtful date of the indorsement, and should have been permitted to be answered; but as defendants made no offer of this evidence after the sustaining of the objection by the court, under the decisions such ruling is not available to the defendant as ground of reversal.

But for the errors of admitting the indorsement in evidence without accompanying evidence explaining the change in its date, and of admitting the petition in evidence, there must be a new trial.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.