MARY F. BOURKE, APPELLANT, V. HELEN E. FALCK, APPELLEE.

FILED DECEMBER 9, 1897. No. 7645.

Pleading: VERIFICATION: EVIDENCE. An answer verified on belief is not substantive evidence of the allegations of facts therein set forth, and is not admissible as such in favor of the pleading party. If so received in evidence, and it is the only evidence on which a judgment in the cause is based, the judgment will be reversed as not sustained by the evidence.

APPEAL from the district court of Douglas county. Heard below before FERGUSON, J. *Reversed.*

*Charles A. Goss,* for appellant.

*Wharton & Baird, contra.*

HARRISON, J.

The appellant herein instituted this action December 3, 1892, in the district court of Douglas county to foreclose a real estate mortgage given by Charles Falck and Helen E. Falck to secure the payment of a promissory note by them executed and delivered to appellant of date July 9, 1891. Charles Falck did not appear. Helen E. Falck answered and also filed an amendment to her original answer. The plea was of her coverture; that, as the wife of Charles Fälck, she had signed the note and mortgage; that they were not given with reference to or for the benefit of her separate estate, and that she received none of the proceeds or the money loaned, of which transaction the note was evidence; nor did she derive any benefits therefrom. She further pleaded that, at the time of the execution of the mortgage, she was the owner in fee of the real estate mortgaged and was then occupying it as a homestead. To the answer, inclusive of the amendment, a reply was filed, which generally denied the allegations thereof and also contained

Bourke v. Falck.

some affirmative statements in regard to the loan which need no further notice at this time. When the cause was called for trial there was no appearance on the part of the answering defendant, Helen E. Falck, and as a result of the proofs introduced on behalf of the appellant a decree of foreclosure was entered, one of the findings as set forth in the journal entry of the decree being that there was due the plaintiff (appellant) from the defendants Helen E. Falck and Charles Falck the amount of the note and accrued interest. An order of sale issued, a sale was made, and a report thereof presented to the court; and, after the application of the proceeds of the sale in the manner ordered by the court, a motion was made for a deficiency judgment in favor of appellant in the amount then remaining due her and unpaid. Attorneys for Helen E. Falck appeared in opposition to this motion, and as evidence of the facts therein stated offered in evidence the portion of the answer of Helen E. Falck, which was entitled "Amendment to Answer of Helen E. Falck to the Plaintiff's Petition." This, over the objection of appellant's counsel, was received and was all the evidence offered or introduced of the coverture of Helen E. Falck or any of the facts set up in her plea. On this evidence the trial court based a denial of the appellant's motion for a deficiency judgment against Helen E. Falck. This amendment to the answer was verified on belief and was not substantive evidence of the matters therein stated. (*Johnson v. First Nat. Bank*, 28 Neb., 792.) It furnished no basis for the finding of the court. The finding had no evidence to support it, and the resultant judgment in favor of Helen E. Falck must be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.