## ALMON KING

### *vs.*

### WM. MEIGHEN.

The right to redeem and the right to foreclose a mortgage are reciprocal and commensurable.

Application of *Chap.* 60, *Laws* 1870, prescribing a ten years limitation of action to foreclose a mortgage, to the facts of this case.

On the 27th August, 1855, Alexander Holton was the owner in fee of the w. ½ of the sw. ¼ and the s. ½ of the nw. ¼, of section 10, and David Holton was the owner in fee of the n. ½ of the se. ¼ and the e. ½ of the ne. ¼ of section 9, all in township 102, range 11 west, in Fillmore county. On that day Alexander and David, being indebted to the defendant, executed and delivered to him their joint promissory note, payable twelve months thereafter, and to secure said note executed and delivered to him their warranty deed of all the lands above described. At the same time, and as part of the same transaction, the defendant executed an agreement to

reconvey the lands thus conveyed to him, on payment of the note at maturity, and of all taxes on the lands when due. On the 18th September, 1858, David Holton paid his proportion of the note, and received from the defendant a re-conveyance of the before mentioned lands in section nine. In 1856, and again in 1859, Alexander Holton paid to the defendant sixty dollars on account of the mortgage debt. Through sundry mesne conveyances the s. $\frac{1}{2}$ of the nw. $\frac{1}{4}$ of section 10 was conveyed from Alexander Holton to the plaintiff, who on the 23d September, 1870, tendered to the defendant a proper deed of the last described land, with his proper charges for executing the same, offering to pay whatever of the mortgage debt and taxes was properly chargeable thereon. The defendant, claiming to own the land in fee, refused to execute such deed or to account with the plaintiff in respect of the mortgage debt or the lands. Thereupon the plaintiff, on the 10th October, 1870, being in possession of the land so conveyed to him, brought this action in the district court for Fillmore county, alleging in his complaint the facts above stated, (and others not necessary to be stated here,) and praying that the deed and agreement between the Holtons and the defendant be declared a mortgage, that an account be taken of the amount due the defendant thereon, and of the proportion properly chargeable upon the land owned by the plaintiff, and that, upon payment of such proportion, the plaintiff have leave to redeem the land so owned by him. The defendant pleaded (*inter alia*) that the cause of action did not accrue within ten years.

The cause having been brought on for trial, the defendant moved for judgment on the pleadings. The motion was granted, and judgment entered accordingly, from which the plaintiff appeals.

Prior to the revision of 1866, an action to foreclose a mort-

gage must have been brought within ten years after the cause of action accrued. (Pub. Stat. chap. 60, sec. 12.) This provision was repealed by the General Statutes of 1866, chap. 66, sec 11, in which it is enacted, that an action to foreclose a mortgage must be brought within twenty years after the cause of action accrued. This was amended by the substitution of ten for twenty years, as the period of limitation, by the act of March 8, 1870, (Laws 1870, chap. 60,) which took effect six months after its passage, viz., September 8th, 1870.

H. R. WELLS, for Appellant.

THOMAS WILSON and N. P. COLBURN, for Respondent.

*By the Court.*—BERRY, J.—This is in effect a proceeding to redeem a mortgage upon real estate. Defendant's motion for judgment on the pleadings was granted by the court below, upon the ground that the right to apply for redemption was barred by the lapse of ten years and more after such right accrued, and before this action was commenced. The statute, as it now reads, provides, that " every action to foreclose a mortgage upon real estate shall be commenced within ten years after the cause of action accrues," *Laws* 1870, *Chap.* 60. The right of action to foreclose, in this instance, accrued in August, 1858, and the last payment upon the mortgage appears to have been made in 1859, at a date not specified.

Computing the limitation from the last day of 1859, the right to foreclose would be barred some time before this action was commenced, in October, 1870.

In *Holton vs. Meighen*, 15 *Minn.* 80, it is said that the right to foreclose and the right to redeem are reciprocal, and the application of this principle in that case is that, as the right

King v. Meighen.

to foreclose has not expired, the right to redeem remains in existence. In *Caufman vs. Sayre*, 2 *B. Monroe* 206, it is remarked by Robertson, C. J., that " the right to foreclose and the right to redeem are reciprocal and commensurable." So in *Koch vs. Briggs*, 14 *Cal.* 256, Field, C. J., says : " the right to foreclose * * * exists in all cases of mortgage after breach of condition, as does also the right to redeem the property from forfeiture, or from the incumbrance of the lien. These two rights are mutual and reciprocal. When the one cannot be enforced, the existence of the other is denied." See also *Grattan vs. Higgins*, 23 *Cal.* 34 ; *Cunningham vs. Hawkins*, 24 *Cal.* 410 ; *Arrington vs. Liscom*, 34 *Cal.* 372; 2 *Hilliard on Mortgages*, § 2, *et seq. and notes.* (See also *Lord vs. Morris*, 18 *Cal.* 482.)

The right to foreclose and the right to redeem being reciprocal and commensurable, and the former right being barred by a statute of limitations, the court below very properly determined that the right to redeem was gone also.

To prevent misapprehension it is to be observed that the mortgage in this case, containing no power of sale, could be foreclosed only by action. *Gen. Stat. Chap.* 81, *Sec.* 1, *et seq.* Whether the time, within which plaintiff could have exercised his right of redemption, would have differed from what it now is, if there had been a right of foreclosure by advertisement, is a question not arising in this case, the want of the power of sale being important only as showing that, when defendant's right to foreclose by action was gone, his right to foreclose was gone entirely.

Judgment affirmed.

NOTE.—Chief Justice Ripley, having been of counsel in this case, takes no part in the determination of the same.