Maxwell, J.
The defendants, Mary J. Jobson, Sarah A. Rhodes, Maria E. Kite and Robert B. Stephens, answered the petitions of the plaintiff and Dickerson, alleging that on the thirteenth day of December, 1868, William A. Jobson and wife, the then owners of the lands in controversy, executed' and delivered, to Ebenezer B. Stephens as trustee for these defendants, a deed for the lands in question, a copy of which is set out in the answer.
The acknowledgment of William A. Jobson was taken before Geo. E. Sadler, a justice of the peace in the city of Richmond, Virginia, and attached to the deed is a certificate of the clerk of the court of Hustings of said city, stating that the party taking the acknowledgment was at the date thereof, an acting justice of the peace, and that his signature is genuine; but it nowhere appears that the deed in question was executed and acknowledged according to the laws of the state of Virginia.
Sec. 4, chapter 61, General Statutes, provides, in case of deeds: “ If acknowledged or proved in any other state, territory or district of the United States, it must be done according to the laws of such state, territory or district, and must be acknowledged or proved before any officer authorized to do so by the laws of such state, territory or district, or before a commissioner appointed by the gov *437 ernor of this state for that purpose.” Sec. 5, provides, that “ if such acknowledgment or proof is taken before a commissioner appointed by the governor of this state, for that purpose, notary public or other officer using an official seal, the instrument thus acknowledged or proved shall be entitled to be recorded without further authentication.”
It is not alleged in the answer of the defendants, that the deed in question was executed and acknowledged according to the laws of the state of Yirginia. At common law the title to land could be acquired only by conforming to all the requirements of the laws of the place where the real estate was situated. Coppin v. Coppin, 2 P. Wm’s, 291. United States v. Crosbey, 7 Cranch, 115. Cutler v. Davenport,1 Pick., 81. Wills v. Cowper, 2 Ohio, 123. But our statute has changed the rule of the common law, so far as deeds executed out of the state are concerned, and requires a compliance merely with the forms prescribed by the law of the place of execution. And when a deed is executed and acknowleged before a commissioner appointed by the governor of this state, for that purpose, a notary public or other officer using an official seal, the law presumes a compliance with the law of the place of execution, and no further authentication is necessary; but in all other cases our statute expressly requires that “ the deed or other instrument shall have attached thereto, a certificate of the clerk of a court of record, or other proper certifying officer of the county, district or state, within which the .acknowledgment or proof was taken, under the seal of his office, showing that the person whose name is subscribed to the certificate of acknowledgment was at the date thereof such officer as he is therein represented to be; that he is well acquainted with the hand-writing of such officer; that he believes the signature of such officer to be genuine, and that the deed or other instrument is executed *438 and acknowledged according to the laws of such state, district or territory.”
A deed defective in form by reason of a failure to comply with the requirements of the statute in force at the place of execution, may convey the equitable title, atad be sufficient to authorize a court of equity to grant appropriate relief, but such a deed will not pass the legal title to the grantee. Courtier v. Graham, 1 Ohio, 350. Patterson v. Pease, 5 Ohio, 190. Clark v. Graham, 6 Wheat., 577. Crane v. Reeder, 21 Mich., 24.
. The deed of December 13, 1860, offered in evidence by the defendants, was executed and acknowledged before a justice of the peace of the city of Richmond, Ya., and no testimony was offered to show that it had been executed and acknowledged according to the laws of the state of Yirginia. It was therefore properly excluded.
This is decisive of the case. The second deed contains full power and authority to authorize the trustee to mortgage the premises in question. The defendants are not in the condition of purchasers for a valuable consideration. So far as appears from the record the cestui que trusts have never had either actual or constructive possession of these premises, except so far as the possession of the trustee under the deed of April 15, 1868, may inure to their benefit; they derive their right to these lands from a purely voluntary conveyance, and the transaction was not complete until the delivery to the trustee of a deed conveying the legal title.
It is apparent from the record, that at least a portion of the money obtained on these mortgages was used in the payment of taxes due on the land, if not in making improvements thereon, but whether any portion of the money was so used or not, the trustee had full power, under the deed of April 15, 1868, to execute the mortgages in question. The judgment of the district court is therefore affirmed.
Judgment aeeirmed.