SPRINGER GALLEY, PLAINTIFF IN ERROR, v. ALVIN GALLEY, DEFENDANT IN ERROR.

1. **Evidence.** Where there is a conflict of evidence, if it be sufficient to support the finding, the judgment will not be disturbed.

2. **Statute of Frauds.** The statute of frauds relative to the sale of land will not enable one who has accepted a conveyance of real estate to escape paying for it simply because the contract of purchase was not in writing.

3. **Deed: PROOF OF EXECUTION.** The certificate of acknowledgment of a notary public, with his official seal attached, is sufficient proof of the due execution in another state of a deed of real estate lying in this state.

ERROR to the district court for Nuckolls county. Heard below before WEAVER, J.

*James B. Winters* and *W. A. Bergstresser*, for plaintiff in error.

*D. W. Barker*, for defendant in error.

LAKE, CH. J.

A simple but complete statement of the case in the court below is the following: Alvin Galley, who was plaintiff, alleged in his petition that he and Springer Galley entered into a verbal contract, by which, in consideration of the conveyance by Alvin of forty acres of land to Byron D. Brown, and the giving of his promissory note for one hundred dollars, payable in one year to Springer, the latter would give to the former a span of mares and harness, the note being the difference in value between the land, and mares and harness. That, in pursuance of said contract, Alvin executed a deed of the land to Brown, which Springer accepted, on or about the 12th of September, 1877, and also tendered to him his promissory note, as agreed, and demanded the team and harness, which were refused. The value of the land conveyed to Brown was two hundred dollars.

Springer Galley's answer is, *first*, a general denial; *second*, that the difference between the price of the land and the team and harness was one hundred dollars; *third*, that the agreement was that he should convey the team and harness to Alvin upon the payment of one hundred and thirty-five dollars, which had not been made; *fourth*, that Springer purchased the land, so conveyed to Brown, from one Morrill; *fifth*, that on the 16th of December, 1878, the parties made a full settlement, and mutual discharge of all demands between them; and, *sixth*, the statute of frauds. The reply to this answer was a general denial.

The evidence given upon the trial, which was to the court, without a jury, is quite voluminous, and although in some particulars very conflicting, fully supports the finding of the judge.   As a review of the evidence in this opinion would be of no special service, we shall refer to it only so far as may be necessary in deciding questions other than that of its sufficiency to support the finding of the district judge.

In the first place it may be well to state what the transaction resulting in the conveyance of this land to Brown really was.   In brief, it seems that Brown desired to purchase a tract of land for a farm.   Springer Galley had eighty acres that suited him, if he could also obtain forty acres adjoining, the title to which was in Alvin Galley.   An arrangement was finally concluded between Brown and Springer Galley for the sale and purchase of the land, including, by Alvin's consent, his forty acres, and the payment of the entire consideration, composed in part of the team and harness, to Springer.   Thus far there is no serious difficulty with the case, the chief matters in dispute being the interest of Alvin in the land which he conveyed, and the terms on which he was to have the team.

Brown, who seems to have been a fair witness, and, as a party to the arrangement, in a situation to know of what he swore, in his testimony said:  " I bought forty acres of land of Alvin Galley, and eighty acres of Springer Galley.   I gave Springer $800 for his eighty, and this gentleman, Alvin Galley, $200 for his forty.   This gentleman wished to sell his forty for the team, but I valued the team and harness at $300.   They took the team at three hundred dollars, and he gave a warranty deed for his forty for two hundred, and the other hundred dollars was to apply as part payment on the other eighty I bought of his brother. "  He says Springer Galley took the team; and there is other testimony which sustains the claim of Alvin that he was to have the team turned over to him upon the

delivery of his note to his brother for one hundred dollars, payable in one year, although the evidence respecting this point is very conflicting.

Several errors are assigned upon the rulings of the court in the admission of evidence. The first of these is, the overruling of the objection made by the following question put to Alvin Galley, viz.: "State what interest you had in the lands described in this deed." This was objected to on the ground "that the contract relating to the sale of real estate was not reduced to writing." With the understanding that the contract here alluded to was the one between the two Galleys mentioned in the petition, this objection was properly overruled. This exception, as well as several others taken during the trial, was based upon the third section of the statute of frauds, which counsel for the plaintiff in error contends is applicable. But we think otherwise. It is true that the contract was oral, and in part related to a conveyance of land. The action, however, was not brought to enforce either the conveyance, or an acceptance of the conveyance, agreed upon. According to the petition, the deed had been made by Alvin, and accepted by Springer for delivery to Brown, by whom the consideration was handed over to Springer. This action was merely to recover from Springer Galley damages for refusing to pay for that which he had received. He had agreed to make payment by a delivery of the team and harness, but refusing to do so, he became liable to an action for damages. The statute of frauds will not enable one who has accepted a conveyance of land to escape paying for it simply because the contract of purchase rested in parol.

Error is assigned also upon the admission of two deeds in evidence. As to one of these deeds, that from Alvin Galley and wife to Byron D. Brown, the record shows no objection to its introduction. As to the other, that of E. N. Morrill and wife to Alvin Galley, the objection was expressly waived by a written stipulation signed by coun-

sel for both parties. These deeds were a part of the testimony taken, and reduced to writing, at a former trial. On the trial in question, it was stipulated, "that all the evidence taken in this case at the previous trial in this court be attached hereto, and be made a part of this transcript, and be received without objection." But even waiving this stipulation, no error appears. It was objected that the deed was "not sufficiently proven." This objection was untenable. The deed was executed and acknowledged in Kansas, before a notary public, using an official seal. The certificate of the notary, with his seal attached, was sufficient evidence of the due execution of the instrument. *Green v. Gross,* 12 Neb., 117. Comp. Statutes, Ch. 73, § 13.

· After a careful examination of the evidence and rulings of the court complained of, we are satisfied no sufficient cause is shown for a new trial.

JUDGMENT AFFIRMED.