NANCY A. McKESSON, PLAINTIFF AND APPELLANT, V. ELLEN HAWLEY, DEFENDANT AND APPELLEE.

Trust Deed: REDEMPTION: STATUTE OF LIMITATIONS. On the 12th of February, 1872, A executed to B a trust deed to secure the payment of a sum of money due April 12th, 1872. The trust deed provided, among other things, that if the notes were not paid at maturity the trustee should advertise and sell the real estate and convey a fee simple title to the purchaser. The notes were not paid at maturity. On the 7th day of June, 1872, the trustee advertised and sold the real estate to the highest bidder according to the terms of the trust deed. On the 12th day of September, 1873, the purchaser at the trustee's sale conveyed the property to another by warranty deed. On the 5th day of October, 1874, the property was again sold and conveyed by warranty deed, and on the 29th ·day of April, 1876, defendant purchased the same and received a similar conveyance. Defendant and her grantors were in open, notorious, and adverse

possession of the property for more than ten years prior to the commencement of this action, which was to redeem the property from the trust deed. It was held that the statute of limitation had run and that plaintiff's cause of action was barred.

APPEAL from the district court of Lancaster county. Tried below before HAYWARD, J.

*N. C. Abbott,* for appellant, cited: *Williams v. Cash,* 27 Ga., 507. *Bannon v. Brandon,* 34 Penn. State, 263. *Wilson v. Richards,* 1 Neb., 342. *Hearst v. Pugil,* 44 Cal., 230. *Green v. Turner,* 38 Iowa, 112. *Frink v. LeRoy,* 49 Cal., 314. Jones Mortgages, Secs. 1152, 1153, and 1159.

*Lamb, Ricketts & Wilson,* for appellee, cited: *Crawford v. Taylor,* 42 Iowa, 260. *Clark v. Potter,* 32 Ohio State, 49. *Knowlton v. Walker,* 13 Wis., 264. *Waldo v. Rice,* 14 Id., 286.

REESE, J.

This action was commenced in the district court of Lancaster county, the summons being issued on the 11th day of April, 1885. The suit was ejectment, seeking the possession of the real estate described in the petition.

On the 18th of October, 1886, an amended petition was filed, changing the nature of the action to one to redeem the same land, to-wit, the west half of lot two, block fifty-five, in the city of Lincoln, from a lien created by a trust deed given to secure the payment of the sum of $318.

It is alleged that the plaintiff's equity of redemption has never been foreclosed or any proceeding had or instituted for the purpose of foreclosing the said mortgage. That under the stipulations contained in said trust-deed the trustee pretended to advertise and sell the property for the satisfaction of said debt, and pretended to sell the same on or about the 7th day of June, 1872, and delivered a deed

to the purchaser, Hartley, for the consideration of the sum
of $190, that being the amount for which the property was
sold.  And that through *mesne* conveyances from the pur-
chaser to the defendant the title of the said Hartley had
been conveyed to her.   It is alleged that the proceedings
to foreclose the mortgage or trust deed by the alleged ad-
vertisement and sale were void, and that the plaintiff was
entitled to redeem the real estate.   An accounting is prayed
for of the amount due the defendant on the mortgage, and
also taxes paid by her, and of the rents and profits for the
use and occupation of the premises during the time the
same was in the possession of the defendant and her gran-
tors, and that after deducting therefrom the amount found
due on the mortgage, the plaintiff have judgment for the
remainder, and that she be immediately permitted to redeem
the property.

By the answer the title of plaintiff is denied, as well as
her right to the possession of the property.   It is alleged
that on the 12th day of September, 1873, one J. W. Hart-
ley and his wife, claiming to own said property in fee
simple, conveyed the same by warranty deed to one J. D.
Smith, and that Smith thereupon entered into actual and
undisputed possession of the property, claiming title under
his deed from Hartley.   That he remained in possession
until the 5th day of October, 1874, when by warranty
deed he and his wife conveyed the property to one Wealthy
Craig, and that she immediately took actual possession of
the property under her title thus acquired, and retained
the same until the 29th day of April, 1876, when she, by
warranty deed, conveyed to defendant and delivered to her
the possession thereof; that thereupon defendant entered
into the actual possession of the same and has ever since
held open, notorious, and adverse possession thereof, claim-
ing title thereto under and by virtue of the deeds described;
that all of the deeds referred to were filed for record and
duly recorded immediately after they were executed; that

defendant and her grantors have held open, exclusive, continuous, and adverse possession of said property for more than ten years prior to the commencement of plaintiff's suit, claiming title under their deeds: thus presenting, as a defense, the statute of limitations.

The trial was had in the district court, which resulted in a decree in favor of defendant, from which plaintiff appeals.

As is shown by the record, the trust deed referred to was dated February 12th, 1882, and was given to secure the sum of $318, due April 12th of the same year. The deed is in the usual long form, and authorizes the trustee, in case of failure to pay the moneys secured by it, to advertise the property and sell it at public auction, at a place therein directed, and upon such sale being made, the trustee to execute and deliver to the purchaser a deed in fee simple of said property.

The money secured by this trust deed, or mortgage, was not paid when it became due, whereupon the trustee proceeded to advertise and sell the property. The sale was made on the 7th day of June, 1872, J. W. Hartley being the purchaser. On the 12th day of September, 1873, Hartley sold and conveyed the property to J. D. Smith. On the 5th day of October, 1874, J. D. Smith sold and conveyed it to Wealthy Craig, and she, by a like sale and conveyance, transferred it to defendant, on the 29th day of April, 1876. The evidence shows that immediately after the purchase from Smith, and the transfer to Craig by him, on the 12th day of October, 1874, Mrs. Craig entered into actual possession of the property under her deed, and retained such possession as owner, unmolested, until the time of her conveyance to defendant, and that defendant, upon her purchase, immediately took possession and has remained in possession ever since.

There is some testimony that Smith was in possession of the property prior to his transfer to Craig, but this is not very clear. From this, it appears beyond controversy that

defendant and her grantor, Craig, were in open and adverse possession of the property from the 5th day of October, 1874, until the 11th day of April, 1885, the time of the commencement of this action, covering about ten years and a half. There is some question presented as to what the statute of limitation would be in a case of this kind, defendant claiming that plaintiff should be limited to four years, under the provisions of section 16 of the civil code. But we are inclined to think that the provisions of section 6 should be applied, which would fix the limitation at ten years. This section is as follows: "An action for the recovery of the title or possession to lands, tenements, or hereditaments can only be brought within ten years after the cause of said action shall have accrued. This section shall be construed to apply also to mortgages."

In *Crawford v. Taylor*, 42 Iowa, 260, it is said that an action to redeem from a mortgage is barred in the same time an action to foreclose would be, and cannot be maintained after ten years from the date when the right of action accrued, ten years being the statutory limitation of that state.

Applying this rule to the trust deed in question, it is apparent that plaintiff's right to redeem accrued on the 12th day of April, 1872, thirteen years before the commencement of her action. But assuming the statute of limitation would not begin to run against her at that time, it seems clear that it would begin to run in favor of defendant, under the title of herself and grantors, as soon as adverse possession was taken under the alleged purchase from the trustee. This possession dated back prior to the 5th day of October, 1874, and, as we have seen, more than ten years prior to the commencement of the action. Plaintiff's right of action is therefore barred by the statute of limitation. See *Clark v. Potter*, 32 Ohio St., 49. *Knowlton v. Walker*, 13 Wis., 264. *Waldo v. Rice*, 14 Id., 286. *Stevens v. Savings Institution*, 129 Mass., 547.

But it is contended by plaintiff that the possession of defendant and her grantors was not adverse; that the title of the trustee was a recognition of the plaintiff's title, and that, as the foreclosure proceedings were void, defendants could hold only as assignees of the rights of the trustee, and, therefore, not adverse. Such, to our mind, cannot be the law. Notwithstanding the fact that the foreclosure proceedings might have been void, it is clear that the purpose of such proceeding was to cut off and destroy the title of plaintiff; and therefore the conveyance by the trustee to Hartley, had it been legal, would have terminated plaintiff's title. The grantees of Hartley taking and holding the property, or asserting their right to hold it under warranty deeds from him, was clearly adverse to plaintiff. They held as owners, and the statute would run in their favor.

The decree is right, and is affirmed.

DECREE AFFIRMED.

THE other judges concur.