39   533
44   147

OTTO COURCAMP ET AL. V. GEORGE P. WEBER.

FILED MARCH 6, 1894.    NO. 5500.

1. **Alteration of Instruments:** EVIDENCE: NOTES: JUDG-MENTS. Where a note was introduced in evidence which disclosed upon its face that it had been altered from a note to bear interest at "10" per cent per annum from "maturity" to one to draw "7" per cent per annum from date, the number "10" and word "maturity" in the original having been crossed out by a line or lines drawn over each with pen and ink, and the number "7" and word "date" interlined or written above the number and word crossed out, *held*, that it was error to render judgment or grant decree upon such note, as testimony of the amount due, without some evidence explaining such alteration.

2. ————: TIME OF ALTERATION: EVIDENCE. When an altered note has been received in evidence either with or without testimony explanatory of such change, it then becomes the province

of the court or jury, if tried by jury, to decide from the evidence, as a question of fact, whether such alteration was made before or after the execution of the note, and it is error for the trial court to exclude testimony offered which is competent upon such question.

ERROR from the district court of Saunders county. Tried below before BATES, J.

The facts are stated in the opinion.

*Holmes, Cornish & Lamb*, for plaintiffs in error:

An alteration of a promissory note in any material part renders it invalid as against the party not consenting thereto, even in the hands of an innocent purchaser. (*Brown v. Straw*, 6 Neb., 536; *State Savings Bank of St. Joseph v. Shaffer*, 9 Neb., 1.)

The alteration of the note was a material alteration. (*Palmer v. Largent*, 5 Neb., 225; *Wait v. Pomeroy*, 20 Mich., 425; *Benedict v. Cowden*, 49 N. Y., 396; *Nazro v. Fuller*, 24 Wend. [N. Y.], 374; *Woodworth v. President and Directors of the Bank of America*, 19 Johns. [N. Y.], 391.)

A material alteration of a written instrument will be presumed to have been done with a fraudulent intent, in the absence of evidence to the contrary. In such cases no action can be maintained on the instrument. (*Walton Plow Co. v. Campbell*, 35 Neb., 173, and cases cited.)

*Clark & Allen, contra:*

The proof offered by the defendants shows that Weber did not make the alteration, and had no knowledge of it until a year after it was made. Having been guilty of no fraud himself, he is not precluded from recovering the debt. (*State Savings Bank of St. Joseph v. Shaffer*, 9 Neb., 1.)

This is not an action upon the note, but to foreclose a mortgage and subject the security to the payment of the debt. A mortgage secures the debt and not the note or

bond or other evidence of it. No change in the form of the evidence, or the mode or time of payment—nothing short of actual payment of the debt, or express release, will operate to discharge the mortgage. The mortgage is not affected by a change of the note. (2 Jones, Mortgages [3d ed.], sec. 924.)

HARRISON, J.

September 29, 1891, George P. Weber filed a petition in the district court of Saunders county, alleging the execution and delivery of two notes, each for $1,000, by the Courcamps and others to one Martin Tighe, and of a mortgage on certain property in Valparaiso, Nebraska, to secure the notes; that the notes were purchased before maturity by Weber (defendant in error) and notes and mortgage duly assigned to him by Tighe. The petition contained the further allegation of default in payment of amount due on the mortgage, etc., and prayed for foreclosure. The answer of the principal defendants pleaded fraudulent alteration of the note in suit, in that it had been changed since executed and delivered, and without the knowledge or consent of defendants, so as to bear interest from date, the note when executed having been made to draw interest from maturity. This answer also contained a general denial of all allegations in the petition. Weber, in reply to this answer, states that the note was in the same condition when purchased by him as it is now, and if any alteration has been made in it, the same was without the knowledge of plaintiff and before he bought it. Tighe, the original payee of the note, filed answer and reply, and in his reply to the answer of the principal defendants states that this note in suit and another which was secured by the same mortgage were given to him by the Courcamps for a portion of the purchase price of the property covered by the mortgage in suit; that the alteration, if any, in the note would conform it in the interest stating portion to the original agree-

ment regarding interest, and to be as it should have been originally written. There was a trial to the court, finding against defendants, and decree of foreclosure. The case is brought here by the principal defendants for review.

The first question which presents itself in an examination of the case and the proceedings had at the trial thereof is, did the court below err in allowing the note to be introduced in evidence over the objection of defendants?

George P. Weber was called in his own behalf, and as a part of his examination the following appears:

Q. You may look at this note, Exhibit "A," and state who is the owner, if you know?

The defendant Martin Tighe objects to the introduction or any testimony in this case against him, under the petition in this case, for the reason that the petition does not state facts sufficient to constitute a cause of action in favor of plaintiff and against the defendant Martin Tighe. Objection overruled, and the defendant Martin Tighe excepts.

Plaintiff asks leave to amend petition as follows: "And on the day said note became due it was then presented to Lizzie Courcamp, Otto Courcamp, Jacob Reyher, and Jacob Hoover, and payment thereon demanded, which was refused, and it was thereupon protested for non-payment, of all which said Martin Tighe had due notice." Leave to amend is granted by the court, to which the defendant Martin Tighe excepts.

A. I am.

Q. You may look at this mortgage, Exhibit "B," and state who is the owner of that, if you know?

A. I am.

Plaintiff now offers in evidence Exhibits "A" and "B." Defendants Courcamp, Reyher, and Hofee object, for the reason that the instrument does not purport to be the instrument declared on in the petition. Objection overruled, defendants except, and the same were read to the court and are hereto attached.

The last objection was undoubtedly made to raise the question of the admissibility of the note in its altered condition, without first explaining such alteration, and was, we think, sufficient as an objection to raise the question.

The defense to the action was that a material alteration of the note had been made subsequent to its execution and delivery, without the knowledge and consent of the defendants who signed it.   The note was a printed form, with blank spaces for date, amount, name of payee, etc., which were filled in in writing at the time of execution.   As printed, it drew interest at " 10 per cent" from "maturity," the figures making up the "10" and the word "maturity" being printed.   The "10" and the word "maturity" in the note introduced at the time of trial had been erased with ink by drawing the pen across or through them, and just above the "10" was interlined the figure "7," and above the word "maturity" the word "date" was written.   The note had a coupon attached, which coupon was for the sum of $70, or interest at 7 per cent for one year, the time the note was to run, on the amount of the note, $1,000.   The petition and action were founded upon the note as evidence of the debt, and the decree is predicated upon it as evidence of the amount of indebtedness.   The description of the debt, as set forth in the mortgage, was as follows: The consideration was stated at "two thousand dollars," and in the condition the sum of "two thousand dollars, $1,000 dollars on the 13th day of May, 1891; $1,000 on the 13th day of May, 1893, with interest thereon at 7 per cent per annum, according to the tenor and effect of the two promissory notes of said Otto Courcamp, Jacob Reyher, and Jacob Hofee, bearing even date with these presents."   The first note of $1,000, above described, is the one in suit.

From the foregoing it will be gathered that the note, or some competent evidence, was necessary in the case, other than the mortgage, from which to determine the amount due, as the same was not definitely ascertainable from the

terms of the mortgage, and, moreover, no other or further testimony was offered of the amount due than the note. Hence, the note became or was a material portion of the plaintiff's testimony, and unless entitled to be admitted in its altered condition, upon objection by defendant should have been excluded, or not admitted without testimony being first introduced explaining such changes. We are satisfied that under the condition of the issues as raised by the pleadings in the case, as between the plaintiff and principal defendants, and the alterations by erasure and interlineation as shown by the face of the note, the objection of defendants to its introduction was well taken and that the court below erred in overruling the same. We are aware that the rule is well settled in this court that the decision of a trial judge, when the trial is to the court, admitting evidence, the objection to the testimony being in reference to its relevancy or competency, will not be considered here; and such a ruling, if erroneous, is not error which will reverse the judgment or decree of the lower court; but where the evidence so admitted is objectionable, being incompetent, and is the testimony upon which the judgment in the case is based, as was the note in this case, and the objection to its introduction might be removed by explanatory evidence, without which it was invalid and no recovery would be allowed upon it, the action of the court in basing its decree thereon will be reviewed, and, if erroneous, will be sufficient to warrant a reversal. This case falls within the rule just stated, since the finding of the amount due plaintiff was from the note alone. The trial court should have required testimony explaining the alteration or alterations in the note before receiving it in evidence. (*Johnson v. First Nat. Bank*, 28 Neb., 792.) We have no doubt that the alteration in the instrument, changing it from a note bearing interest at 10 per cent per annum from maturity to one bearing 7 per cent per annum from date, was a material alteration, and even if the note had been competent

evidence, admissible in its altered condition without any explanatory testimony, or admitted without objection, the defendants were entitled to introduce evidence showing such alteration, and that it was made after the note was executed without their consent or knowledge on their part; but when they offered such evidence, it was excluded. This was error. Such evidence was admissible. (*Walton Plow Co. v. Campbell*, 35 Neb., 173.)

It is contended that the alterations in the note were not made with any fraudulent intent, but honestly and under the supposition that the party making them had a right to do so, and that such alterations were to make it conform with what was originally to be done and not with a view to obtain any undue advantage.   If this be true, then, although the validity of the note may have been destroyed, and it would not have been competent evidence of the indebtedness, and no recovery could have been had upon it, this court has mapped out the proper course to be pursued under such circumstances or state of facts in *State Savings Bank of St. Joseph v. Shaffer*, 9 Neb., 1, in which case an altered note was excluded as evidence on the trial and no recovery allowed thereon.   It was held: " Where an alteration is made under an honest mistake of right, and not fraudulently and with a view to obtain improper advantage, a recovery may be had upon the original consideration of the note.   And it is the duty of the court, upon payment of the costs, to permit the plaintiff to amend his petition, setting up the original consideration."

It follows from the above considerations and conclusions that the decree of the court below must be reversed and the case remanded for further proceedings.

REVERSED AND REMANDED.