FRANK M. DORSEY, APPELLEE, v. MARTHA CONRAD ET AL., APPELLANTS.

FILED OCTOBER 21, 1896.   No. 6607.

1. **Deeds**: FOREIGN ACKNOWLEDGMENT: EVIDENCE. A deed for lands situate in this state, executed in the state of Iowa, and there acknowledged before a notary public who attached his official seal to the certificate of acknowledgment, is presumed to have been acknowledged in conformity with the laws of that state; and such deed is entitled to record and to be read in evidence without other proof of its execution.

2. ———: Execution. Conveyances of real estate executed within this state, conveying real estate situate within this state, are required to be witnessed. (Compiled Statutes, sec. 1, ch. 73.)

3. ———: Foreign Acknowledgment. A deed of land situate in this state, executed in the state of Iowa and acknowledged there before a notary public who attached his official seal to the certificate of acknowledgment, is presumed to have been executed in accordance with the laws of the state of Iowa; and though not witnessed, is entitled to be recorded and read in evidence in this state without further proof that the grantors th rein actually executed and delivered the deed.

4. Alteration of Instruments: Time. Where a written instrument shows upon its face a material and obvious alteration, the presumption of law is that such alteration was made before the instrument was finally executed and delivered.

5. ———: ———: Evidence. Such an instrument may go in evidence in the first instance, leaving the parties to such explanation of the alteration as they may choose to offer.

6. ———: ———: ———. Whether an alteration or erasure appearing in a written instrument is a material one, is a question of law for the court; but when, by whom, and with what motive, such alteration was made, is a question of fact for the jury or trial court, to be determined like any other question of fact.

7. Limitation of Actions: Actions to Redeem Land: Mortgages. An action by an owner of the fee to redeem his land from a mortgage thereof which has been foreclosed, and to which foreclosure proceeding he was not a party, or, if a party, not served with process, may be brought at any time within ten years after his cause of action accrued.

8. ———: ———: ———. Such an action to redeem is barred in the same time in which the statute would bar the right to foreclose the mortgage.

9. Alteration of Instruments: Evidence. *Johnson v. First Nat. Bank of Plum Creek*, 28 Neb., 792, and *Courcamp v. Weber*, 39 Neb., 533, overruled.

10. ———: ———. *Bank of Cass County v. Morrison*, 17 Neb., 341, and *Goodin v. Plugge*, 47 Neb., 284, reaffirmed.

Appeal from the district court of Dixon county. Heard below before Norris, J.

The facts are stated by the commissioner.

Dorsey v. Conrad.

*W. E. Gantt*, for appellants:

Where alterations are apparent upon the face of an instrument, one offering it in evidence must show that the changes were made at the time the instrument was executed. (1 Devlin, Deeds, sec. 463; 1 Greenleaf, Evidence [14th ed.], sec. 564; *Estate of Nagle*, 134 Pa. St., 31; *Harris v. Bank of Jacksonville*, 22 Fla., 501; *Warder v. Willyard*, 46 Minn., 531; *Slater v. Moore*, 86 Va., 26; *Simpson v. Stackhouse*, 49 Am. Dec. [Pa.], 554; *Bank of Cass County v. Morrison*, 17 Neb., 341; *Neil v. Case*, 25 Kan., 510; *Paramore v. Lindsey*, 63 Mo., 67; *Corcoran v. Doll*, 32 Cal., 89; *Johnson v. First Nat. Bank of Plum Creek*, 28 Neb., 792.)

The acknowledgment does not comply with the law and renders the deed inadmissible. (Martindale, Conveyances [2d ed.], sec. 253, and cases cited in note.)

The record of a deed not properly acknowledged is a nullity and furnishes no notice to a subsequent purchaser. (*Erwin v. Welch*, 10 Neb., 479.)

The deed was inadmissible without proof that the laws of the state where it was executed did not require it to be witnessed. (*Green v. Gross*, 12 Neb., 117; *Evans v. Cleary*, 17 Atl. Rep. [Pa.], 440.)

Redemption under a mortgage is cut off at the expiration of the time the right to foreclose is barred. (*Parker v. Kuhn*, 21 Neb., 413; *McKesson v. Hawley*, 22 Neb., 692; 2 Jones, Mortgages, sec. 1146; *Tastal v. Hall*, 3 Cal., 265; *Espiosa v. Gregory*, 40 Cal., 58; *Cunningham v. Hawkins*, 24 Cal., 403; *Green v. Turner*, 38 Ia., 112; *Smith v. Foster*, 44 Ia., 443; *Fisk v. Stewart*, 4 N. W. Rep. [Minn.], 611; *Jellison v. Halloran*, 46 N. W. Rep. [Minn.], 332; *King v. Meighen*, 20 Minn., 264; *Fletcher v. Dougherty*, 13 Neb., 224; *First Nat. Bank of Sturgis v. Peck*, 8 Kan., 660; *Lausman v. Drahos*, 8 Neb., 457; *Meier v. Meier*, 16 S. W. Rep. [Mo.], 223.)

*Wigton & Whitham* and *B. W. Wood*, contra.

Neither plaintiff nor his grantor having been made a

party to the suit, the foreclosure proceedings have not taken from them the legal title and right to redeem the premises. (*Dodge v. Omaha & S. W. R. Co.*, 20 Neb., 276; *Merriman v. Hyde*, 9 Neb., 113; Hawes, Parties to Actions, sec. 27.)

The acknowledgment was sufficient. (*Williams v. Frost*, 6 N. W. Rep. [Minn.], 795; *Burbank v. Ellis*, 7 Neb., 157; *Perkins v. Strong*, 22 Neb., 725; *Lewis v. Hinman*, 13 Atl. Rep. [Conn.], 147; *Green v. Gross*, 12 Neb., 124; *Hoadley v. Stephens*, 4 Neb., 435; 1 Devlin, Deeds, secs. 681, 686.)

The deed was properly admitted in evidence. There is nothing suspicious in the alteration. No purpose to defraud can be inferred. Without the acknowledgment, the presumption is that the alterations were made before execution. (*Pereau v. Frederick*, 17 Neb., 118; *Heeter v. Glasgow*, 79 Pa. St., 79; *Bank of Cass County v. Morrison*, 17 Neb., 341; *Little v. Herndon*, 10 Wall. [U. S.], 31; *Neil v. Case*, 25 Kan., 510; *Paramore v. Lindsey*, 63 Mo., 66.)

Only deeds in this state are required to be witnessed. (Compiled Statutes, ch. 73, sec. 1; *Green v. Gross*, 12 Neb., 117.)

The statute of limitations had not run against plaintiff's right to redeem. (*Parker v. Kuhn*, 21 Neb., 413; *Renard v. Brown*, 7 Neb., 449; *McKeighan v. Hopkins*, 19 Neb., 33; *McKeeson v. Hawley*, 22 Neb., 696; *Lowenstein v. Phelan*, 17 Neb., 429; *Wilson v. Richards*, 1 Neb., 342.)

RAGAN, C.

February 14, 1877, James Chamberlain owned a quarter section of land in Dixon county and on said date mortgaged it to the New England Mortgage Security Company to secure a note due February 14, 1882, with interest thereon, payable annually. The note and mortgage provided that if Chamberlain made default for a certain number of days in the payment of any installment of annual interest when due the holder of the mortgage debt might declare the entire mortgage debt due, and upon

such default and the exercise of such election that said mortgage debt should then become due. Chamberlain and wife, in November, 1878, executed and delivered to one Parke a power of attorney and authorized him to sell and convey the real estate which had been mortgaged to the New England Mortgage Security Company, and on November 22, 1878, Parke, the attorney in fact, executed and delivered a deed of the premises mortgaged by Chamberlain to Viola Wigton. Default having been made in the payment of the interest which matured on the mortgage in October, 1878, the mortgage company on December 9, 1878, brought suit to foreclose the mortgage and according to the provisions thereof declared the entire mortgage debt due. Chamberlain and wife were made defendants to this action, but Viola Wigton, the owner in fee of the equity of redemption, was not made a party to the suit. At the time the mortgage company filed its petition to foreclose its mortgage the deed of Viola Wigton had not been filed for record, but was so filed March 4, 1879. The foreclosure proceeding was prosecuted to decree, the lands were appraised, advertised, and sold and purchased by the mortgage company. The appellant, Martha Conrad, claims title to the land through a chain of conveyances from the mortgage company, the purchaser at the foreclosure sale. The appellee, Dorsey, claims title to the land through a chain of conveyances from Viola Wigton. Dorsey brought this action to redeem the real estate from the mortgage made by Chamberlain to the New England Mortgage Security Company. He had a decree as prayed in his petition and Martha Conrad and others have appealed.

1. One link in Dorsey's chain of title is the deed to Viola Wigton from the mortgagors, Chamberlain and wife, made by Charles L. Parke, their said attorney in fact. This deed was executed by the attorney in fact in the state of Iowa and there acknowledged before a notary public, who attached his official seal to his certificate of acknowledgment. The deed recited: "Know

all men by these presents, that James Chamberlain and Julia Chamberlain, husband and wife, by Charles L. Parke, their attorney in fact, all of Dixon county, and state of Nebraska, in consideration," etc., "do hereby sell and convey unto Viola Wigton, and to her heirs and assigns, the following described real estate, situate in the county of Dixon and state of Nebraska, to-wit," etc. The deed was signed "James Chamberlain, Julia Chamberlain, by Charles L. Parke, attorney in fact." The acknowledgment was in words and figures as follows:

"STATE OF IOWA, ⎫ ss.
  IOWA COUNTY.   ⎭

"On this 22d day of November, 1878, before me, Ira S. Richards, a notary public in and for said county, personally came Charles L. Parke, attorney in fact for James Chamberlain and Julia, husband and wife, to me personally known to be the identical person who signed the above deed as grantor, and acknowledged the same to be his voluntary act and deed.

"Witness my hand and seal notarial the date last above written.        IRA S. RICHARDS,
                              *"Notary Public, Ia. Co., Ia."*

The original power of attorney from Chamberlain and wife to Parke was read in evidence, but there was no testimony, other than that afforded by the deed and its acknowledgment, offered on the trial, that Parker, the attorney in fact, executed the deed.

It is now insisted that the acknowledgment to the deed is so defective as not to entitle the deed to be recorded,—not to entitle it to be read in evidence,—without parol proof that Chamberlain and wife through their attorney in fact, Parke, actually executed the deed, and that as there is no such testimony in the record the decree cannot stand. It is argued that the acknowledgment is simply the personal acknowledgment of Charles L. Parke; that it should have read "personally appeared James Chamberlain and Julia Chamberlain, his wife, by

their attorney in fact, Charles L. Parke;" that he should have acknowledged he executed the same as the act and deed of James Chamberlain and wife therein described. This acknowledgment was taken on the 22d day of November, 1878, as already stated, by a notary public in the state of Iowa, and he attached his official seal to his certificate to the deed. At that time the statutes of this state on the subject of conveyances of real estate provided that if acknowledged or proved in any other state or territory or district of the United States it must be done according to the laws of such state, territory, or district, and must be acknowledged or proved before an officer authorized to do so by the laws of such state, territory, or district, or before a commissioner appointed by the governor of this state for that purpose. In all cases provided for in section 4 of this chapter, if such acknowledgment or proof is taken before a commissioner appointed by the governor of this state for that purpose, a notary public, or other officer using an official seal, the instrument thus acknowledged or proved shall be entitled to be recorded without further authentication. (General Statutes, 1873, ch. 61, secs. 4, 5.) These provisions of the statute were construed by this court in *Hoadley v. Stephens*, 4 Neb., 431, and it was there held: "Where a deed is executed and acknowledged in another state before a commissioner of deeds of this state, a notary public, or other officer using an official seal, the law presumes a compliance with the law of the place of execution and no further authentication is necessary;" and in *Green v. Gross*, 12 Neb., 117, the statute quoted above was again construed and the court held: "When a deed is made in another state, the certificate of acknowledgment of a notary public thereto, duly attested by his official seal, entitles such deed to be recorded without further authentication." To the same effect see *Galley v. Galley*, 14 Neb., 174. The deed in question being for lands situate within this state, and having been executed in the state of Iowa, was by the statute quoted above re-

33

quired to be executed in conformity to the laws of the state of Iowa, and since it was acknowledged by an officer using an official seal and attested by his seal, the presumption is that the acknowledgment is in conformity to the law of the state of Iowa, and there is no proof in the record to the contrary. The deed was therefore entitled to be recorded and was competent evidence, and the court did not err in so considering it.

2. The deed of the attorney in fact to Viola Wigton as first drawn described the land as being in section twenty-one (21), township thirty-one (31), and range three (3). A pen was subsequently drawn through the word "three" and the word "four" substituted therefor. The evidence does not show when or by whom this erasure or alteration was made; and a second argument of the appellants is that the presumption of law is that the erasure or alteration was made after the execution and delivery of the deed and that therefore the district court had no right to consider this deed as evidence. The question presented is this: An instrument in writing bearing on its face a material and obvious erasure, alteration, or interlineation is offered in evidence; if otherwise competent, does such alteration or erasure render it incompetent evidence until explained? The solution of this question must depend upon the answer to be given another, namely, where a written instrument shows upon its face a material and obvious alteration or erasure, does the law presume such alteration was made before or after the final execution and delivery of the instrument? If the presumption is that the alteration or erasure was made after the execution and delivery of the instrument, then it cannot go in evidence until such alteration or erasure be explained. On the other hand, if the presumption of law be that such alteration or erasure was made before the final execution and delivery of the instrument, then it may be admitted in evidence in the first instance. Unfortunately there is a hopeless conflict among the authorities on this question. We are not able to say on which side is the weight

of authority and shall not attempt a review of the authorities on either side. The common-law rule seems to have been that if a material and obvious alteration appeared in an instrument it would nevertheless, in the absence of evidence on the subject, be presumed to have been made before the instrument was finally executed and delivered. This rule was founded upon the doctrine that the law would never presume fraud or wrong in any person; or, to express it in the language of Lord Campbell, C. J., in *Doe v. Catomore*, 16 Ad. & El. [Eng.], 745, "A deed cannot be altered after it is executed without fraud or wrong, and the presumption is against fraud or wrong."

*Gooch v. Bryant*, 13 Me., 386, was an action on a note which showed upon its face a material and obvious alteration, but when or by whom made was not disclosed by the evidence. The trial judge ruled that the presumption was that the alteration was made before the execution and delivery of the note. Exception was taken to this ruling and the supreme court of Maine, speaking to the point, said: "There was no other evidence of the alteration of the note than what arose from inspection, from which it appeared that one of the figures in the date had been altered. Of the fact there could be no doubt; but the more important inquiry was when it was done. If altered after the signing and delivery it would vitiate the note; if before, it would not. As to the time, no evidence was offered by either party. The alteration was not in itself proof that it was done after the signature. It might have been made before. If the alteration was *prima facie* evidence that it was done after, it must be upon the ground that such is the presumption of law. But we do not so understand it. It would be a harsh construction, exposing the holder of a note, the date of which had been so altered as to accelerate payment or to increase the amount of interest, to a conviction of forgery, unless he could prove that it was done before the signature. It would be to establish guilt by a rule of law

when there would be at least an equal probability of innocence.   But such cannot be the law.   It is a question of evidence to be submitted to the jury, as was done in the case before us."   To the same effect see *Beaman v. Russell*, 20 Vt., 205.

*Paramore v. Lindsey*, 63 Mo., 63, was a suit upon a promissory note by an indorsee.   The defense was that the note was altered after it was signed and delivered.   The alleged alteration consisted in the erasure in the printed form of the words " after maturity."   The effect of this was to make the note draw interest from date.   The trial court instructed the jury that the presumption of law was that the erasure or alteration appearing on the face of the note was made either prior to or at the time of the execution and delivery of the note; and this instruction on exception was sustained by the supreme court.

In *Little v. Herndon*, 77 U. S., 26, the court said: "A minor objection below was to the admission of one of the patents on the ground of an erasure.   The court left the question to the jury, which was quite as favorable a ruling as the defendant could ask.   In the absence of any proof on the subject the presumption is that the correction was made before the execution of the deed.   *   *   *   A deed cannot be altered after it is executed without a fraud or wrong; and the presumption is against fraud or wrong."

In *Bank of Cass County v. Morrison*, 17 Neb., 341, it was held: "Where a material alteration is apparent on the face of a written instrument offered in evidence, the question as to whether such alteration was made before or after the execution and delivery of such instrument is, in the last instance, one for the jury or trial court.   It is like any other fact in the case, to be settled by the trier or triers of facts.   Generally in such case the instrument may be given in evidence, and may go to the jury or trier of fact, leaving the parties to such explanatory evidence of the alteration as they may choose to offer."   This case was followed in *Goodin v. Plugge*, 47 Neb., 284.   These

last two cases we think correctly state the rule, that in the absence of all evidence on the subject the presumption is that a material and obvious alteration appearing upon the face of a written instrument was made before such instrument was finally executed and delivered and that such instrument, if otherwise competent, may, without a prior explanation, be given in evidence. But in *Johnson v. First Nat. Bank of Plum Creek*, 28 Neb., 792, it was held in effect that the presumption of law was that a material alteration appearing upon the face of an instrument offered in evidence was made after the execution and delivery of such instrument, and this case was followed in *Courcamp v. Weber*, 39 Neb., 533.

A re-examination of the question leads us to the conclusion that the decision in *Johnson v. First Nat. Bank*, *supra*, is erroneous, and it is therefore overruled; and so much of the case of *Courcamp v. Weber*, *supra*, as follows *Johnson v. First Nat. Bank* is also overruled, and we accordingly hold that where a written instrument shows upon its face a material and obvious alteration, the presumption of law is that such alteration was made before the instrument was finally executed and delivered; and such instrument is not rendered incompetent evidence solely because such alteration appears therein. (See *Stough v. Ogden*, 49 Neb., 291.) The question is a vexed and difficult one, and perhaps as many authorities, and of as great respectability, may be cited on one side thereof as upon the other; but the principle is elementary that the presumption of law is always in favor of honesty and upright conduct, and upon this principle we rest the decision of the point as we have made it and overrule *Johnson v. First Nat. Bank* and *Courcamp v. Weber*, *supra*, sincerely believing in the correctness of the conclusion reached and assured at least that we are now consistent. The district court, then, did not err in considering and weighing as evidence the deed from the attorney in fact to Viola Wigton. But again, we cannot say that the court was wrong in concluding from the evidence before

it that the erasure was made before the delivery of the deed. The only evidence introduced by the appellants on the subject was that of a so-called expert who testified that in his opinion the alteration or erasure was in a different handwriting from that of the deed; that it had been made with different ink from that in which the deed was written and been made within two or three years immediately preceding the trial, which was in October, 1892. On the other hand was the presumption of law that the erasure or alteration was made before the deed was delivered; and it was also shown that the land was described in the deed as being in range four (4) at the time the deed was recorded, in March, 1879,—about four months after its execution, and about thirteen years prior to the date of the trial.

3. Another link in the appellee's chain of title was a deed from Viola Wigton and husband to one Burton. This deed was not witnessed, and no evidence other than that afforded by the deed itself was offered to show that Wigton and wife in fact executed it. A third contention of appellants is that the decree lacks evidence to support it, as the court had no right to consider the deed as evidence. The deed in question was executed in the state of Iowa, February 28, 1879, acknowledged before a notary public in that state, who attached his seal of office to his certificate of acknowledgment. Deeds which are executed in this state conveying lands situate in this state are by the law required to be witnessed. (See Compiled Statutes, ch. 73, sec. 1.) When this deed was executed sections 4 and 5 of chapter 61, General Statutes, quoted above, were in force. Construing these statutes in *Green v. Gross*, 12 Neb., 117, this court held: "When a deed is made in another state the certificate of acknowledgment of a notary public thereto, duly attested by his official seal, entitles such deed to be recorded without further authentication." (*Hoadley v. Stephens*, 4 Neb., 431; *Galley v. Galley*, 14 Neb., 174.) The deed having been executed in another state for lands situate in this state, and

having been acknowledged before an officer using an official seal, was entitled to record and to be read in evidence without parol proof that it was executed by Wigton and wife. Under the statute then in force it was required to be executed in conformity with the laws of the state of Iowa, and the acknowledgment is *prima facie* evidence at least that it was so executed.

4. The mortgage made by Chamberlain and wife to the Mortgage Security Company matured by its terms February 14, 1882, but by reason of Chamberlain's default in paying his interest was, in accordance with the provisions of the mortgage, declared to be and became due December 9, 1878, and suit was brought to foreclose it on said last date. The sale had under the decree was confirmed December 16, 1879. The present suit was brought November 8, 1888. A final contention of the appellants is that as more than four years intervened between the date the appellee's cause of action accrued and the bringing of this suit, it is barred by the statute of limitations. To sustain this contention we are cited to *Parker v. Kuhn*, 21 Neb., 413, where it was held that "an action by a junior incumbrancer to redeem land sold at execution or judicial sale, being an action for relief other than those specifically mentioned, must be brought within four years after the cause of action shall have accrued." But this case is not in point here. The appellee is not a junior incumbrancer. He is the owner of the fee. An action by an owner of the fee of real estate to redeem his land from a mortgage thereon which has been foreclosed, and to which foreclosure proceeding such owner was not a party or, if a party, not served with process, may be brought at any time within ten years after his cause of action accrues. (Code of Civil Procedure, sec. 6; *McKesson v. Hawley*, 22 Neb., 692.)

But the serious question here is, when did appellants' cause of action accrue? Did it arise when the mortgage debt matured or was declared due, or did it arise at the date of the confirmation of the sale had in pursuance of

the foreclosure proceedings when the relation of mortgagee and mortgagor ceased? It was not expressly decided, but intimated, in *McKesson v. Hawley*, 22 Neb., 692, that the owner's right to redeem from the mortgage accrued on the latter's maturity. In *Wilson v. Richards*, 1 Neb., 342, it was held: "As against the right to redeem a conveyance absolute in its terms, but in fact a mortgage upon unoccupied land, the statute of limitations does not begin to run until tender of the money secured by the mortgage and refusal to re-convey." In *King v. Meighen*, 20 Minn., 264, it was held that until the right to foreclose expires the right to redeem exists. In *Abbe v. Goodwin*, 7 Conn., 377, and in *Moore v. Cord*, 14 Wis., 231, it was held that a mortgagor could not redeem until the mortgage debt had matured. In *Smith v. Foster*, 44 Ia., 442, it was held that "an action to redeem from a mortgage is barred in the same time in which the statute would bar the right to recover the mortgage debt by an action at law." (*Morrow v. Jones*, 41 Neb., 867; *Crawford v. Taylor*, 42 Ia., 260.) We conclude, therefore, that the appellee's cause of action arose when the mortgage matured,—in this case when it was declared due by the mortgagee, December 9, 1878,—and as ten years had not elapsed between that date and the bringing of this suit, the appellee's cause of action was not barred when brought. The judgment of the district court is

AFFIRMED.