JOHN A. ECKERMANN, APPELLEE, V. JAMES MCDONOUGH,
APPELLANT.

FILED JANUARY 13, 1922.    No. 21885.

Leases: ALTERATION: PAROL EVIDENCE. The lessee, who has not
the original lease or a duplicate in his possession or under his control,
may introduce in evidence the original lease, in the possession of the
lessor, or a photostat copy of the same, when such copy is author-
ized by law; and if such lease shows upon its face material altera-
tions or additions, he may introduce parol evidence to prove that such
alterations or additions were not a part of the lease at the time he
signed the same, and that they were made without his knowledge and
consent.

APPEAL from the district court for Thurston county:
GUY T. GRAVES, JUDGE. Reversed.

Mark J. Ryan and Baldrige & Saxton, for appellant.

A. M. Smith and O. C. Anderson, contra.

Heard before MORRISSEY, C. J., ALDRICH and FLANS-
BURG, JJ., HOSTETLER and MORNING, District Judges.

HOSTETLER, District Judge.

This is an action of forcible detention brought by the
plaintiff against the defendant in the county court of
Thurston county.

Plaintiff alleged that on December 14, 1918, he pur-.
chased from the heirs of Red Cloud Woman at an Indian
land sale held at Winnebago Indian Agency, Winnebago,
Nebraska, the real estate in controversy; that said pur-
chase was duly approved by the department of the in-
terior; that on November 3, 1919, he received a patent
from the United States conveying to him the premises in
fee simple; that he is the owner of said land and entitled
to the immediate possession thereof; that defendant
wrongfully remains in possession of said premises under
leases which clearly show that they are terminated by
the sale of the property; that on February 25, 1920,

plaintiff served notice upon the defendant to vacate said premises on March 1, 1920.

To this petition the defendant entered the plea of not guilty. The case was tried in the county court and the county judge found for defendant and entered judgment in his favor. Plaintiff appealed.

The case was tried in the district court before a jury. After plaintiff introduced his evidence and rested, defendant moved for a directed verdict, which the trial judge denied, and this ruling was excepted to by defendant. Defendant then introduced his evidence and rested. Plaintiff then moved for a directed verdict in his favor and against the defendant, which motion the trial judge granted, and a verdict and judgment were duly rendered in said court in favor of the plaintiff and against the defendant. From this verdict and judgment defendant appeals to this court.

Defendant claims to hold the premises under three written approved government Indian leases executed by the heirs of Red Cloud Woman to the defendant for the term of five years, beginning on the 1st day of March, 1918. Defendant contended that the leases could not be terminated by a sale of the property, and that certain typewritten words, "all lands are leased subject to sale," were not in or a part of said leases when he signed the same. These words were typewritten; they were at the top of the lease; in at least two instances they were changed by handwriting. Plaintiff claimed these words were a part of the leases. Defendant denied such claim, and contended that they were not a part of the leases, either legally or as a matter of fact, and offered testimony to show that they were not on the leases when he signed the same.

The undisputed evidence shows that defendant did not retain copies of the leases at the time they were executed. In order to prove such leases he was compelled to procure and use photostat copies of the same. Such certified copies were admissible under 27 U. S. St. at Large, ch.

256, p. 272. They were admitted in evidence. The defendant, then, for the purpose of showing what the instruments were when they became binding on the parties, and that the words, "all lands are leased subject to sale," were a memorandum or addition made subsequent to the signature of defendant, asked the following question:

"Q. When you signed that original lease (Exhibit 4), was there any provision in it, 'all lands are leased subject to sale?' "

An objection thereto was sustained on the ground that defendant having offered the instrument could not impeach the same. The offer of this answer was then made:

"I examined the lease before I signed it and I know to a certainty that such words were not on it or in the lease when I signed it up."

Similar questions were asked and offers made to the other two leases. Objections to such offers were sustained, and defendant excepted.

The question as squarely presented is, "Did the court err in refusing that evidence?" The leases show material alterations upon their face. Such alterations might be valid or invalid, depending upon the evidence. The presumption is that any alterations of an instrument shown upon the face of the same were made before it was signed and delivered, and the burden of proving an alteration lies upon the person who asserts it to have been made. *Musser v. Musser,* 92 Neb. 387; *Dorsey v. Conrad,* 49 Neb. 443; *Colby v. Foxworthy,* 80 Neb. 239. It follows that if defendant could not introduce evidence as to such alteration, he must be bound by the leases as altered, no matter how wrongfully they may have been changed. In the case of *Henny Buggy Co. v. Patt,* 73 Ia. 485, it is held that written instruments are not witnesses. A party may offer in evidence an instrument in writing and afterwards discredit it for the purpose of showing the fraud connected therewith. In the case of *Dorsey v. Conrad,* 49 Neb. 443, this court has held that an instrument showing material alterations may go in evidence in the first

instance, leaving the parties to such explanations of the alterations as they may choose to offer. In said case it is held that either party may offer evidence. It is immaterial which party offers the instrument. It often happens that a plaintiff offers in evidence an instrument that shows changes. He is allowed to explain that such alterations were made by a stranger or by subsequent agreement of the parties. The defendant certainly has the right to repudiate material alterations in his contract, made without his consent and subsequent to the time he signed the same. The defendant in this case was compelled to offer copies of the leases in the possession of the lessor. If the defendant must be bound by such lease, no matter how much it may have been changed, then the door to fraud would be wide open. A party who is compelled to call a witness may discredit him. 40 Cyc. 2560, and cases cited. In this case defendant was compelled, in order to prove his right to possession, to introduce the leases in possession of the lessor. He clearly had the right to show that the alterations or additions were not on the leases when he signed the same.

From the above cited authorities and upon reason we conclude that the trial court erred in refusing to permit defendant to introduce in evidence the proffered testimony. Since there must be a retrial of the case, it is suggested that in support of the defendant's theory of the case the notice of the sale of the land, in which it is stated that defendant's leases expire March 1, 1922, should be admitted in evidence, if the proper foundation is laid and if same is offered by defendant as a part of his own evidence. If it is found that the words, "all lands are leased subject to sale," were a part of the lease at the time defendant signed the same, then, as said in *Van Sant v. Beuder,* 101 Neb. 680, such clause may be interpreted as being a conditional limitation, and, when sale was made of the premises, the lease terminated, and

the purchaser would be entitled to possession at the end of the rental year.

REVERSED AND REMANDED.