Nathan v. Jensen.

---

SAMUEL NATHAN, APPELLEE, V. MARTIN JENSEN, APPELLANT.

FILED MAY 15, 1923. No. 22418.

1. **Contracts:** ALTERATIONS: PRESUMPTION. In the absence of evidence as to the fact, the presumption is that alterations appearing on the face of a written contract were made before its execution.

2. ———: ———. If all the facts with respect to the making of an alteration in one of two duplicate written contracts are in evidence.

Nathan v. Jensen.

the determination of how, when or with what motive the change is made is for the trier of fact.

APPEAL from the district court for Douglas county: CARROLL O. STAUFFER, JUDGE. *Affirmed.*

*Nolan & Woodland,* for appellant.

*Stout, Rose, Wells & Martin* and *James O'Hara, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and DEAN, JJ., BEGLEY, District Judge.

LETTON, J.

Plaintiff seeks to reform a lease and to recover rent which is due under its terms, if reformed as plaintiff desires. Duplicate leases were drawn up whereby the plaintiff leased to the defendant a room in Omaha to be used for a saloon for the sale of liquor. The leases were prepared by plaintiff's lawyer, and were signed in his office. Both instruments were introduced in evidence. Under the terms of the lease produced by plaintiff, the lease was absolute for two years, with an option to the lessee for an extension for three years. The optional provision had a clause providing that, if prohibition went into effect during the time of the extension, the lease should be terminated. This clause was slightly ambiguous, and it is this defect in expression which plaintiff seeks to have reformed in his lease (exhibit No. 1). This clause is typewritten throughout. In the duplicate copy produced by defendant at the trial (exhibit No. 2), by the change of a comma to a period, the change of a small letter to a capital, so as to begin a new sentence at that point, and the elimination of the word "or" (the changes being made with pen and ink), the provision that the adoption of prohibition would terminate the lease was made to apply to the whole term of the lease, instead of only to the optional three-year extension period. One lease is not a carbon duplicate of the other, and in both the disputed clauses are typewritten, except that in exhibit 2 the changes noted have been made.

Plaintiff and his attorney testified that no alterations had been made in either lease at the time it was signed, and that each document as originally prepared was exactly in accordance with the agreement arrived at after the negotiations of the parties. They also testify that the leases never left the attorney's office after they were prepared for signature until they were executed and delivered.

On the other hand, defendant testifies that a few days prior to the signing of the lease he procured from plaintiff, at his office or store, one of the duplicate leases (exhibit No. 2); that he submitted same to one Smith, an employee of a brewing company, who was familiar with such leases; that Smith changed this copy to the form in which it now appears; that the change was called to the attention of plaintiff at his place of business, who agreed to the same; that plaintiff said the other copy was in the office of his attorney, and that he would have it changed to correspond; that defendant took the changed copy to the attorney's office, where it was signed by both parties in the presence of each other, as was the copy produced by plaintiff, but that no change was made in the latter. Defendant went into possession and paid rent until May 1, 1917, when prohibition went into effect. He insists that the lease then terminated, as evidenced by his duplicate lease. Smith testifies substantially to the same effect as to the manner in which the changes were made. There is some other testimony which tends to support defendant's theory.

After a careful consideration of the entire evidence, we are satisfied that the plaintiff has sustained the burden of proof. The testimony on behalf of defendant contains some inherent weakness and improbabilities. The rule in this state, which is different from that in some jurisdictions, is that, in the absence of evidence as to the fact, alterations made in an instrument are presumed to have been made before its execution. *Dorsey v. Conrad,* 49 Neb. 443. But since the duplicates were executed at the

same time, since the typewritten clause is identical in both, and one of them appears with the original type-writing unchanged, and since all the facts attending the actual execution are in evidence, this removes this presumption, and the question as to how, or when, or with what motive the alteration was made was for the trier of fact to determine under all the evidence.

On the whole case we agree with the district court that plaintiff is entitled to the reformation sought, and that the instrument produced by him expresses the true terms of the lease. The judgment of the district court is

AFFIRMED.